J-S58023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC BAEZ, | |
| Appellant | No. 417 MDA 2015 |

Appeal from the PCRA Order of January 26, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0003667-2007

BEFORE:  GANTMAN, P.J., OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:　　　　　　　　**FILED OCTOBER 26, 2015**

Appellant, Eric Baez, appeals from an order entered on January 26, 2015 in the Criminal Division of the Court of Common Pleas of Lackawanna County that dismissed, without a hearing, his claims filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we vacate and remand.

In November 2007, the Carbondale Police Department charged Appellant with rape of a child and related offenses stemming from a sexual assault upon a six-year-old victim.  Appellant proceeded to trial in November 2008.  At the conclusion of trial, the jury found Appellant guilty of the charged offenses.  On March 25, 2009, the trial court sentenced Appellant to an aggregate term of 52 to 130 years' imprisonment.  The trial court also

* Retired Senior Judge assigned to the Superior Court

determined that Appellant met the statutory criteria for sexually violent predator (SVP) status as set forth in 42 Pa.C.S.A. § 9795.4.

Appellant thereafter filed post-sentence motions, which the trial court denied, following argument, on January 11, 2010. A timely direct appeal followed on January 27, 2010 and we affirmed Appellant's judgment of sentence on February 10, 2011. Appellant petitioned for allowance of appeal before our Supreme Court on March 10, 2011. The Supreme Court denied Appellant's petition on August 3, 2011. It does not appear from the record that Appellant requested further review in the United States Supreme Court.

On or about January 16, 2014, Appellant filed a document captioned as, "Application for Speedy Disposition of Post-Conviction Collateral Relief Motion." Appellant alleged in this submission that, at the completion of direct review, he filed a timely *pro se* petition pursuant to the PCRA on October 29, 2012. Appellant further alleged that, despite the passage of 15 months, the PCRA court had not taken action on his petition. As proof of the filing date of his petition, Appellant attached a cash slip as Exhibit A to his application.[1] The cash slip is dated October 30, 2012 and identifies the item to be charged to Appellant's account as a "PCRA Petition Mailing" addressed to the Clerk of Court's Office – Court of Common Pleas Lackawanna

_____

[1] For purposes of clarity, we refer to Appellant's January 16, 2014 submission as his "application" and we refer to the alleged October 29, 2012 filing as his "petition."

Courthouse in Scranton, Pennsylvania. Appellant's application requested relief in the form of: (1) a status conference *via* video; (2) the appointment of counsel to file an amended PCRA petition; (3) an evidentiary hearing on the merits of his PCRA petition; or, (4) any additional relief the court deemed appropriate.

On February 4, 2014, the PCRA court appointed counsel and issued a rule directing the Commonwealth to show cause, on or before March 10, 2014, why a hearing should not be granted. By letter dated March 10, 2014, the Commonwealth advised that it reviewed the docket and determined that no PCRA petition appears on or around October 29, 2012. Furthermore, the Commonwealth stated that it could not effectively respond to Appellant's application since it did not request collateral relief or allege facts in support of such relief. Finally, the Commonwealth advised the PCRA court that it intended to respond to any amended petition filed by appointed counsel.

Treating Appellant's application as his initial PCRA petition, the PCRA court, on March 17, 2014, granted leave to allow Appellant, with the assistance of counsel, to amend his application in accordance with Pa.R.Crim.P. 902, which describes the form and content of a petition filed pursuant to the PCRA. The court's order directed that the amended petition be filed no later than May 12, 2014 and instructed Appellant to include within his amended petition averments regarding the timeliness of the

petition, as well as the applicability of any exceptions to the one-year filing deadline.

Appointed counsel did not file an amended petition. Instead, counsel petitioned the court to withdraw from representation on August 19, 2014. Counsel's petition to withdraw acknowledged Appellant's January 16, 2014 application but stated that no PCRA petition appeared on the docket in this case. Counsel's petition also averred that, on March 19, 2014, counsel forwarded to Appellant a copy of the PCRA court's order of March 17, 2014, which directed that the filing of an amended petition include allegations relating to the timeliness of Appellant's collateral relief claims. In addition, counsel alleged in his petition to withdraw that he requested from Appellant the information needed to prepare an amended petition but that Appellant never provided the necessary facts. By letter dated August 11, 2014, counsel advised Appellant that a petition to withdraw had been filed with the PCRA court.

On January 26, 2015, the PCRA court granted counsel's petition to withdraw and dismissed, without a hearing, Appellant's January 16, 2014 application for relief. The court's January 26, 2015 order explained that counsel was permitted to withdraw since he complied with the requirements of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). In addition, the court determined that Appellant's request for collateral relief was subject to summary dismissal because his claim was untimely and he failed to

invoke any exceptions to the PCRA's timeliness requirements. Trial Court Order, 1/26/15, at 1-2. Specifically, the trial court concluded that Appellant's judgment of sentence became final on September 29, 2011, that the PCRA's one-year filing period expired in this case on September 29, 2012, and that Appellant filed his claims on January 16, 2014, "more than one year from the date that his judgment of sentence became final." **Id**. The PCRA court did not issue notice of its intent to dismiss Appellant's claims pursuant to Pa.R.Crim.P. 907.

On February 25, 2015, Appellant filed a *pro se* notice of appeal. By order dated March 10, 2015, the PCRA court appointed new counsel to represent Appellant and directed Appellant to file a concise statement of errors complained of on appeal. After receiving an enlargement of time, Appellant filed his concise statement on May 18, 2015. To date, the PCRA court has not issued its opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant claims that the trial court erred in ordering the summary dismissal of his claims for collateral relief without first issuing notice of its intentions pursuant to Pa.R.Crim.P. 907. **See** Appellant's Brief at 7. Citing our prior decision in **Commonwealth v. Bond**, 630 A.2d 1281 (Pa. Super. 1993), both the Commonwealth and the PCRA court argue that such notice is unnecessary and that dismissal was proper in this case since PCRA counsel petitioned to withdraw in compliance with **Turner/Finley**, counsel's petition to withdraw explained that Appellant's claims lacked merit, counsel forwarded a copy of his petition (as well as a copy of the court's

March 17, 2014 order) to Appellant, and Appellant failed to object to counsel's petition even though the PCRA court gave Appellant more than 20 days to respond. **See** Trial Court Order, 1/26/15, at 2-3; **see also** Commonwealth's Brief at 3-5. After careful review, we are constrained to vacate the dismissal order and remand for further proceedings, albeit for reasons other than those raised and discussed by the parties and the PCRA court.

We "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." **Commonwealth v. Liebel**, 825 A.2d 630, 632 (Pa. 2003). Application of the PCRA's timeliness requirements is jurisdictional in nature and, as such, presents a question of law over which we apply *de novo* review. **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006). This Court may raise the issue of jurisdiction *suo sponte*. **Forrester v. Hanson**, 901 A.2d 548, 554 (Pa. Super. 2006).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). "For purposes of this subchapter, a judgment becomes final at the conclusion of

direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545()(3).

In this case, the PCRA court held that Appellant's January 16, 2014 filing was untimely and therefore subject to dismissal without a hearing. This holding rested in large part on the court's determination that Appellant's judgment of sentence became final on September 29, 2011 and that his petition had to be filed no later than September 29, 2012. These determinations constituted legal error. As we stated above, this Court affirmed Appellant's judgment of sentence on February 10, 2011 and Appellant filed a petition for allowance of appeal on March 10, 2011. Thereafter, our Supreme Court denied Appellant's petition on August 3, 2011. Under United States Supreme Court Rule 13, Appellant had 90 days in which to file a petition for *writ* of *certiorari*. U.S. Sup. Ct. Rule 13. Thus, contrary to the PCRA court's determinations, Appellant's judgment of sentence became final on November 3, 2011 and his PCRA petition was due on or before November 3, 2012.[2]

---

[2] In determining the date on which Appellant's judgment of sentence became final, the PCRA court appears to have relied on the date on which the clerk for the court of common pleas recorded our decision in Appellant's direct appeal on the local docket sheet. The appropriate date for this calculation, however, is the date on which our Supreme Court filed its order denying Appellant's petition for allowance of appeal.

Inasmuch as the PCRA court erred in determining both the date on which Appellant's judgment of sentence became final and the expiration of the one-year filing deadline for Appellant's PCRA petition, we cannot conclude with confidence that the PCRA court properly exercised its discretion in denying a hearing in this case. Under Pa.R.Crim.P. 907, the PCRA court may dismiss a petition without a hearing only if there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. Pa.R.Crim.P. 907. In his January 16, 2014 application, Appellant alleged that he filed a PCRA petition on October 29, 2012 and that the court took no action on his filing for 15 months. To substantiate his contentions, Appellant attached a cash slip dated October 30, 2012 to his submission.[3] If true, the averments in Appellant's application would demonstrate that Appellant filed a timely petition on or around October 29, 2012. Thus, we conclude that Appellant raised a genuine issue of fact as to the filing of a timely petition and that he is entitled to a hearing on this claim. While we recognize, as the PCRA court points out, that the docket in this case does not reflect the filing of a PCRA petition on or about October 29, 2012, we do not believe that Appellant's claim can be resolved in the

---

[3] In the context of the prisoner mailbox rule, cash slips have been recognized as proof that a PCRA petition was timely filed. **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997).

absence of an evidentiary hearing. In essence, Appellant advances a claim asserting a breakdown in the judicial system with respect to the transmission, receipt, and filing of his original petition. On remand, the PCRA court should convene a hearing to explore whether, in fact, Appellant filed a timely PCRA petition on or around October 29, 2012.

For each of the foregoing reasons, we vacate the order dismissing Appellant's claims and remand this matter for further proceedings consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/26/2015