J-S46023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GLENN H. MANUS | |
| Appellant | No. 2879 EDA 2015 |

Appeal from the PCRA Order September 11, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000520-2008
CP-23-CR-0000521-2008
CP-23-CR-0002534-2008

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 15, 2016**

Glenn H. Manus appeals, *pro se*, from the order entered September 11, 2015, in the Court of Common Pleas of Delaware County, dismissing as untimely his second petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  Manus seeks relief from the judgment of sentence to serve an aggregate term 18½ to 39 years' imprisonment plus 30 years of probation, imposed on April 3, 2009, following his jury conviction of aggravated indecent assault, involuntary deviate sexual intercourse, indecent assault, indecent assault on person less

_____

[*] Retired Senior Judge assigned to the Superior Court.

than thirteen, and corruption of minors.[1] On appeal, Manus raises three issues: (1) Whether petitioner meets one of the timeliness exceptions pursuant to 42 Pa.C.S. § 9545(b)(1)(i-iii), (2) Whether petitioner was convicted by the Commonwealth in violation of his Fifth, Sixth and Fourteenth Amendments rights, based upon the Commonwealth's failure to have within the court record a proper designation of authority, authorizing the assistant district attorney to represent the Commonwealth, and whether prior PCRA and trial counsel were ineffective for failing to object or notify the court of the Commonwealth's failure, and (3) Whether the Commonwealth of Pennsylvania had subject matter jurisdiction to prosecute petitioner, and whether petitioner should be subject to scrutiny and adhere to rules of appellate procedure and/or other rules of court. *See* Manus's Brief at vii. Based on the following, we affirm.

The charges against Manus arose in 2007, when multiple minors reported that Manus had sexually molested them. As stated above, Manus was convicted in a jury trial of the above-mentioned charges, and sentenced on April 3, 2009. On August 2, 2010, this Court affirmed the judgment of sentence on direct appeal, and on February 2, 2011, the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Manus*, 11

---

[1] *See* 18 Pa.C.S. §§ 3125(b), 3123(a)(6), 3126(a)(1), 3126(a)(7), and 6301(a)(1).

A.3d 1007 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 14 A.3d 825 (Pa. 2011).

On August 24, 2011, Manus filed a *pro se* PCRA petition. Counsel was appointed, submitted a no-merit letter and, on July 30, 2012, the PCRA court dismissed Manus's petition. On April 11, 2013, the Superior Court affirmed the decision of the PCRA Court, and Manus's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on October 16, 2013. **Commonwealth v. Manus**, 75 A.3d 550 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 77 A.3d 1259 (Pa. 2013).

On March 11, 2015, Manus filed this *pro se* PCRA petition — his second, asserting PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness in (1) failing to preserve and file post-verdict motions based on the fact that the arresting officers provided inaccurate information in their affidavit of probable cause, (2) failing to investigate whether the Commonwealth "initiated a Written Designation … that authorized [the] Deputy District Attorney … to act on behalf of the Commonwealth," (3) permitting the Deputy District Attorney to act on behalf of the Commonwealth; and (4) failing to notify the court and the District Attorney of the arresting officers' deliberate and willful deceit. **See** Motion for Post Conviction Collateral Relief, 3/11/2015, at 3.

On March 17, 2015, the PCRA court appointed counsel to represent Manus for his second PCRA petition and, on July 30, 2015, appointed counsel filed a **Turner/Finley**[2] no-merit letter and application to withdraw. Counsel's no-merit letter explained, *inter alia*, that "[a]s the instant PCRA petition was filed on March 11, 2015, the current PCRA [petition] is facially untimely," and that Manus "does not provide any meaningful information that would suggest that any of the instant claims constitute after-discovered evidence, that would allow him to plead that or any other exception under Sec. 9545(b)(1)." No-Merit Letter, 7/30/2015, at 6. In addition, appointed counsel opined in the no-merit letter that the issues Manus sought to raise had been waived or were previously litigated. ***Id.*** at 7.

On August 10, 2015, Manus filed objections to counsel's application to withdraw. On August 12, 2015, the PCRA court granted counsel's request to withdraw and provided Manus with notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the petition. The PCRA court subsequently dismissed the petition on September 14, 2015, and this appeal timely followed.[3]

Our standard of review for an order denying PCRA relief is well-established:

_____

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] The PCRA court did not order Manus to file a Pa.R.A.P. 1925(b) statement.

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

**Commonwealth v. Turpin**, 87 A.3d 384 (Pa. Super. 2013) (citation omitted).

At the outset, we address the issue of timeliness since "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Generally, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Here, on August 2, 2010, this Court affirmed the judgment of sentence, and on February 2, 2011, the Pennsylvania Supreme Court denied allowance of appeal. **Commonwealth v. Manus**, 11 A.3d 1007 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 14 A.3d 825 (Pa. 2011). Therefore, under the PCRA, Manus's judgment of sentence became final on May 3, 2011, after the 90-day period within which to file a petition seeking

*certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S. §

9545(b)(3). ***See also*** U.S.Sup.Ct.R. 13. Accordingly, Manus had until May

3, 2012, to file a timely PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1), ***supra.***

Consequently, the present petition, filed March 11, 2015, is patently

untimely.

Nevertheless, we may consider an untimely PCRA petition if the

petitioner pleads and proves one of the PCRA's three exceptions:

(i)      The failure to raise the claim previously was the result of
         interference by government officials with the presentation
         of the claim in violation of the Constitution or laws of this
         Commonwealth or the Constitution or laws of the United
         States;

(ii)     the facts upon which the claim is predicated were
         unknown to the petitioner and could not have been
         ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was
         recognized by the Supreme Court of the United States or
         the Supreme Court of Pennsylvania after the time period
         provided in this section and has been held by that court
         to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, any petition involving one of

these exceptions "shall be filed within 60 days of the date the claim could

have been presented." 42 Pa.C.S. § 9545(b)(2).

In his brief, Manus complains the PCRA court's Rule 907 notice failed

to address specific reasons for the intent to dismiss, and "therefore not

affording the Petitioner opportunity to object in the proper manner to include

one of the timeliness exceptions under 42 Pa.C.S. [§§] 9545(b)(1)(i-iii)."

Manus's Brief at 8. This argument, however, is unavailing. When a *Turner/Finley* letter has been filed and served on the defendant, the PCRA court can dismiss a PCRA petition without a hearing and without notice of its intent to do so where the court waits 20 days following the service of the letter. *See Commonwealth v. Bond*, 630 A.2d 1281 (Pa. Super. 1993); *see also Commonwealth v. Hopfer*, 965 A.2d 270, 271, 275 (Pa. Super. 2009). Here, Manus was informed by the no-merit letter that the PCRA petition was untimely. Even if, *arguendo*, we were to regard the Rule 907 notice as a necessary pre-requisite, this Court has held that the failure to provide Rule 907 notice is not reversible error where a PCRA petition is otherwise untimely. *Commonwealth v. Pursell*, 749 A.2d 911, 917 n.7 (Pa. 2000); *Commonwealth v. Davis*, 916 A.2d 1206, 1208 (Pa. Super. 2007). In this case, the PCRA court's failure to mention timeliness as a basis for its intent to dismiss would have no effect since, as more fully discussed below, Manus's petition is untimely in all respects.

Manus maintains that he meets the timeliness exception set forth at 42 Pa.C.S. § 9545(b)(1)(ii). He asserts "[s]tarting in July of 2013, [Manus], in the exercise of due diligence, pursued whether the Deputy District Attorney … had specific designation of authority to represent the Commonwealth in criminal cases." Manus's Brief at 9. Manus states "all Right-to-Know requests failed [his] efforts and [he] was never able to fully ascertain the true and correct facts," his letters to various government

officials resulted in information that was "not in response to his implicit requests," and "he was stonewalled by the Delaware County government and/or judicial system, by either no response … or information that [he] never requested." **Id.** Manus claims his friends went in person to the Delaware County Office of Judicial Support on February 3, 2015, to ascertain the facts of a proper designation of the Deputy District Attorney. According to Manus, "[o]n February 25, 2015, [Manus] learned that the proper designation of authority for [the Deputy District Attorney] still could not be ascertained," and "[h]e then filed his second PCRA petition on March 11, 2015." **Id.** at 10.

While Manus specifically relies on the unknown fact exception, Section 9545(b)(1)(ii), his argument also implicitly suggests the governmental interference exception, Section 9545(b)(1)(i), applies. With both exceptions, Manus must satisfy the requirement that he filed his claims within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). In this regard, our Supreme Court has held that Section 9545(b)(2)'s 60-day rule requires a petitioner to plead and prove that the information on which his claims are based could not have been obtained earlier despite the exercise of due diligence. **Commonwealth v. Edmiston**, 65 A.3d 339, 346 (Pa. 2013), *cert. denied*, **Edmiston v. Pennsylvania**, 134 S. Ct. 639 (2013).

Our review confirms the PCRA judge's determination that Manus has failed to show due diligence as required by Section 9545(b)(2). That is, Manus failed to plead and prove why he could not have discovered and raised the alleged issue regarding the Deputy District Attorney through the exercise of due diligence at the time of trial, during his direct appeal, or in his first PCRA petition. As the Honorable James F. Nilon, Jr., cogently opined:

> To pass any of [the PCRA] exceptions, [Manus] must seek relief within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). [Manus] filed his present Petition on March 11, 2015, so in order for any issue to be timely, he had to demonstrate that he could not have raised that issue until January 10, 2015, or later. Most of the issues in [Manus's] petition accuse all prior counsel of ineffectiveness, but he never explained why he did not know or should not have known about their ineffectiveness until January 10, 2015.
>
> The first issue in his Petition claims that the police officers willfully provided inaccurate information in the Affidavit of Probable Cause, and secondly that the Deputy District Attorney who tried the case was not authorized to act on behalf of the Commonwealth, but he never explained why he did not know or should not have known about these defects until January 10, 2015.
>
> ****
>
> Because [the PCRA] "timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). Here, [Manus] cannot prove an exception to the PCRA time-bar. Information related to the affidavit of probable cause inaccuracies, or the D.A. designation issues have been available for years, including when [Manus's] first PCRA petition was being prepared. As these facts were easily discoverable and in the public record for longer than

60 days before this petition was filed, the petition is time barred, and the court lacks jurisdiction to address the merits.

[Manus failed to provide any basis recognized by law that would excuse the untimely filing of this Petition. This Court does not have jurisdiction to entertain any of the claims that [Manus] raised. [Manus] has filed an untimely PCRA [petition], and this Court properly denied his request for relief without a hearing.

PCRA Court Opinion, 11/19/2015, at 8–9. We agree with the sound assessment of Judge Nilon that, because Manus has not demonstrated due diligence in filing his claim within 60 days of when it could first be presented, he cannot satisfy any statutory exception that would overcome the PCRA time-bar. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2016

- 10 -