J-S59020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BILLY WHITE | : | |
| | : | |
| Appellant | : | No. 3255 EDA 2016 |

Appeal from the PCRA Order October 13, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0002429-2012

BEFORE:   BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 19, 2017**

Billy White appeals *pro se*[1] from the order entered October 13, 2016,

in the Court of Common Pleas of Montgomery County, that dismissed, without

a hearing, his first petition filed pursuant to the Pennsylvania Post Conviction

Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.   White seeks collateral relief

from the judgment of sentence to serve an aggregate sentence of five to ten

years' imprisonment, imposed after he was convicted by a jury of possession

with intent to deliver (PWID) cocaine, possession of cocaine, possession of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appointed counsel filed a **Turner/Finley** no-merit letter and was granted
leave to withdraw by the PCRA court. **See Commonwealth v. Turner**, 544
A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.
Super. 1988) (*en banc*).

marijuana, and possession of drug paraphernalia.[2]  Based upon the following, we affirm in part, reverse in part, and remand for resentencing.

The parties are well acquainted with the facts of this case, which were set forth by this Court in White's direct appeal.  **See Commonwealth v. White**, 97 A.3d 814 (Pa. Super. 2014) (unpublished memorandum).

Before this Court, White raises nine issues, which we reproduce verbatim:

> [1.] IS IT ANVIOLATION OF THE PETITIONERS CONSTITUTIONAL RIGHT TO RECEIVE AND RESPONED TO 907 (1) OPINION FOR DISSMISSING THE P.C.R.A. PETITION WITH OUT AN HEARING, AND ABUSE OF TRIAL COURT DISCRETION ON DUE PROCESS RIGHTS SO PETITIONER COULD RESPONED TO THE LAYER OF INEFFECTIVE CLAIMS?
>
> [2.] WAS TRIAL COUNSEL INFFECTIVE IN FAILING TO CHALLENGE THE VERCITY OF THE AFFIDAVIT OF PROBABLE CAUSE WHEN IT "LACK PROBABLE CAUSE" TO ARREST THE PETITONER BASIS SOLEY OFF OF HEARSAY WITHOUT AN EYE WITNESS OR AN WIRED TAP, AND COMMONWEALTH WITNESS TESTIFIED THAT THE PETITIONER NEVER TOLD ANITRIA WHITE HE HAD THE VEHICLE THE NIGHT IN QUESTION, BUT COURTS OPINION SAY DIFFERENT.
>
> [3.] WAS TRIAL COUNSEL INFFECTIVE IN FAILING TO SUPPRESS EVIDENCE DO TO THE "LACK OF PROBABLE CAUSE," AND THE ILLEGAL SEARCH THE NIGHT IN QUESTION? WHEN THE VEHICLE WAS ONLY IN AN UNAUTHORIZED AREA AND THE CALL WAS TO REMOVE THE VEHICLE FROM THE PREMISES, WHEN RESGISTIONS WAS VALID AS OFFICER ASTON TESTIFIED TOO AND NO FELONEY WAS COMMITED AND NO EXIGENT CIRCUMSTANCES WAS AT HAND?
>
> [4.] IS THERE LACK OF SUBJECT MATTER JURISDICTION AND AN VIOLATION OF PETITIONERS RIGHTS WHEN ARRESTED WITH

---

[2] 35 P.S. § 780-113(a)(30), (16), (31)(i), and (32), respectively.

OUT AN ARREST WARRANT IN HIS HOME WITH HIS GIRL FRIEND WITH OUT AN FELONY BE COMMITED IN THE PRESENCE OF THE POLICE THE NIGHT IN QUESTION 2/26/12? CHECK MAGISTRATE DOCKETS AND SIGNATURES.

[5.] WAS THERE A LACK OF SUBJECT MATTER JURISDICTION WHEN ESTABLISHING PRIMA FACIE CASE AT THE PRELIMINARY HEARING WHEN IT LACK JURISDICTION DUE TO THE NON EXISTING ARREST WARRANT AND WITNESSES NOT WILLING TO TESTIFY FOR THE COMMONWEALTH BECAUSE WITNESSES DID NOT KNOW TO WHAT THEY WERE TESTIFING TOO DUE TO THE MISSLEADING STATEMENTS BY DET JACKSON QUESTIONS TRIAL COURTS JURISDICTION OVER THE PETITIONER?

[6.] WAS TRIAL COUNSEL INEFFECTIVE FOR REPRESENTING COMMONWEALTH'S WITNESSES THE SAME TIME HE WAS DEFENDING HIS CLIENT AND NOT LETTING THE COURTS KNOW AND HIS CLIENT KNOW HE WAS REPRESENTING ANITRIA WHITE AND TOREYN TUGGLE AND BRITTANI TUGGLE WHO PROVIDED STATEMENTS TO IMPLICATE HIS CLIENT IN THESE ALLEGE ACTS?

[7.] WAS TRIAL COUNSEL INEFFECTIVE FOR NOT MEETING WITH HIS CLIENT PRIOR TO TRIAL AND FILING POST SENTENCE MOTIONS AND NOT SHOWING THE PETITIONER DISCOVERY EVIDENCE AT ALL OR STRATEGIZING A DEFENSE EXPLAINS THE CAUSE OF THE UNDISCOVERED ARREST WARRANT AND UNSIGNED SEARCH WARRANT IN THESE CROSS APPEALS?

[8.] WAS TRIAL COUNSEL INEFFECTIVE IN STIPULATING TO THE WEIGHT OF DRUGS WITHOUT INVESTIGATING OR ASKING HIS CLIENT ABOUT IT WHEN IT WAS NEVER ESTABLISHED AT THE PRELIMINARY HEARING AND FAILING TO OBJECT TO PETITIONER'S MANDATORY MINIMUM ON POST SENTENCE REVIEW WHEN IT WAS NOT PRESENTED TO JURY AND IT WAS LATER DISCOVERED ON THE BILL OF INFORMATION AFTER SENTENCING?

[9.] WAS THE TRIAL COURT SENTENCING SCHEME ILLEGAL IN FAILING TO CREDIT TIME SPENT IN CUSTODAY WHILE WAITING TRIAL FOR ALL THREE DOCKETS (8501-2010) AND (2429-2012) AND (2430-2012) WHEN COMMITMENT DATE WAS THE DAY OF SENTENCING 2/8/13?

White's Brief at 4–5.[3]

> Our standard of review of a PCRA court's ruling is well settled:
>
> Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citations omitted).

Preliminarily, we note White presents no argument in his brief with regard to the seventh, eighth and ninth issues. Accordingly, these issues have been waived. *See Commonwealth v. Bullock,* 948 A.2d 818, 823 (Pa. Super. 2008) (stating an issue identified on appeal but not developed in an appellant's brief is abandoned and, therefore, waived).

With regard to the first issue, it appears White is contending he did not receive Pa.R.Crim.P. 907 notice of intent to dismiss the petition. The PCRA court, however, opined that the Rule 907 notice was mailed to White following PCRA counsel's filing of a no-merit letter:

> PCRA counsel filed a Tu[r]ner/Finley no-merit letter dated April 20, 2015,[11] finding no meritorious issues to pursue in regard to docket number 2429-2012. On September 12, 2016, [the PCRA court] issued a pre-dismissal notice pursuant to Pa.R.Crim.P. 907, notifying White of this Court's intention to dismiss his PCRA petition without a hearing and of his right to file a response to the Rule 907 notice.[12][13] This notice was mailed to White via certified

---

[3] White timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) statement. White raised 51 claims in his concise statement. *See* White's Concise Statement, 11/21/2016.

mail. White did not file a response and on October 12, 2016, a final order of dismissal was issued.

> [11] A copy of PCRA counsel's no-merit letter is appended to this Opinion so as to be made a part of the record.
>
> [12] The pre-dismissal notice also permitted PCRA counsel to withdraw his appearance.
>
> [13] The pre-dismissal notice incorrectly identifies the date of PCRA counsel's no-merit letter as April 21, 2015. Rather[,] the no-merit letter which pertains to this case is dated April 20, 2015.

PCRA Court Opinion, 12/16/2016, at 5.[4]

Even if we accept White's claim that he did not receive the Rule 907 notice, no relief is due. When a **Turner/Finley** letter has been filed and served on the defendant, the PCRA court can dismiss a PCRA petition without a hearing and without notice of its intent to do so where the court waits 20 days following the service of the letter. **See Commonwealth v. Bond,** 630 A.2d 1281, 1283 (Pa. Super. 1993) (holding additional notification of the court's intention to dismiss appellant's petition without a hearing under Pa.R.Crim.P. 1507 [now Rule 907] was unnecessary where counsel and court adhered to procedure established in **Finley**). **See also Commonwealth v. Hopfer**, 965 A.2d 270, 275 (Pa. Super. 2009) ("[S]ervice of any type of notice

_____

[4] Despite the PCRA court's statement that the no-merit letter is appended to the opinion, there is no attachment to the PCRA court's opinion, and the no-merit letter is not otherwise included in the certified record. Nor is the Rule 907 notice in the certified record. Nevertheless, the absence of these documents in the certified record does not hinder our review.

- 5 -

of dismissal must occur at least twenty days before [appellant's] petition is dismissed."). Here, White was informed by the April 20, 2015 no-merit letter that there were no meritorious PCRA issues, and the PCRA court formally dismissed the PCRA petition on October 12, 2016. Therefore, no relief is due on White's first claim.

In White's second claim, he contends trial counsel was ineffective for failing to challenge the veracity of the affidavit of probable cause when it lacked probable cause to arrest him. We find this issue is waived because White failed to raise the issue in his PCRA petition. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, no relief is due on this claim.

In his third claim, White argues that trial counsel was ineffective in failing to challenge the search of the vehicle. The PCRA court properly rejected this issue, concluding that White had no privacy right in the abandoned car. *See* PCRA Court Opinion, 12/16/2016, at 9-11. We agree with the PCRA court's analysis and no further discussion is warranted here. Accordingly, White's third claim fails.

White's fourth and fifth claims challenge subject matter jurisdiction. In White's fourth issue, he asserts an arrest warrant does not exist because the Office of the Clerk of Court's response to his motion seeking a copy of the arrest warrant was that "We do not have the records you requested." *See* White's Brief at 15, and Appendix B. In White's fifth issue, he argues the

Commonwealth presented hearsay testimony at the preliminary hearing. No relief is due.

The courts of common pleas have statewide jurisdiction in all cases arising under the Crimes Code. ***Commonwealth v. Jones***, 929 A.2d 205, 210 (Pa. 2007) (citation omitted). The Commonwealth invokes that jurisdiction when it files a formal and specific accusation of the crimes charged. ***Id***. at 211-212. The Office of the Clerk of Court's response to White's record request does not establish lack of subject matter jurisdiction. Furthermore, hearsay testimony is appropriate at the preliminary hearing stage. ***See*** Pa.R.Crim.P. 542(E) ("Hearsay as provided by law shall be considered by the issuing authority in determining whether a prima facie case has been established."). Therefore, we reject White's fourth and fifth claims.

In White's sixth claim, he contends trial counsel was ineffective for representing White because counsel had a conflict of interest based on his representation of Toreyn Tuggle, her daughter, Brittani Tuggle, and White's sister, Anitria White.

> In reviewing this ineffectiveness claim,
>
> [w]e begin our analysis of ineffectiveness claims with the presumption that counsel is effective. To prevail on his ineffectiveness claims, Appellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction.

*Commonwealth v. Spotz*, 18 A.3d 244, 259-60 (Pa. 2011) (citations

omitted). Furthermore,

> to establish a conflict of interest, an appellant must show that "counsel actively represented conflicting interests[,] and the actual conflict adversely affected counsel's performance." *Commonwealth v. Small*, 602 Pa. 425, 980 A.2d 549, 563 (Pa. 2009) (citing *Spotz V*, 896 A.2d at 1232); *see also Commonwealth v. Weiss*, 604 Pa. 573, 986 A.2d 808, 818 (Pa. 2009) (rejecting the view that counsel's representation of a client continues until such time as the client's sentence expires, and requiring a petitioner who alleges a conflict of interest rooted in his counsel's obligation to a former client to establish that the conflict adversely affected counsel's performance).

*Spotz,* at 268.

Here, as the PCRA court noted, Brittani Tuggle did not testify at trial, so

there was no conflict of interest as to her. *See* PCRA Court Opinion,

12/16/2016, at 17. Further, with respect to Toreyn Tuggle and Anitria White,

our review leads to the conclusion White has failed to show that counsel

actively represented conflicting interests and that the actual conflict adversely

affected counsel's performance. As such, White's sixth claim fails.

Nevertheless, although the issues raised by White in this appeal are

either waived or meritless, our review of the record reveals the trial court

imposed a mandatory minimum sentence of five to ten years in prison for the

PWID conviction pursuant to 42 Pa.C.S. § 7508(a)(2)(ii). Section 7508 has

been found to be constitutionally infirm in light of the United States Supreme

Court's June 17, 2013 decision in *Alleyne v. United States*, 133 S.Ct. 2151,

186 L. Ed. 2d 314 (U.S. 2013).[5] *See Commonwealth v. Cardwell,* 105 A.3d 748 (Pa. Super. 2014); *Commonwealth v. Fennell*, 105 A.3d 13, 20 (Pa. Super. 2014).

It is well settled that we may raise a legality of sentencing issue *sua sponte*, so long as there is "a basis for our jurisdiction to engage such review." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (holding appellate court had no jurisdiction to consider *Alleyne* claim raised in untimely petition). Here, we have jurisdiction to address the issue of the legality of the sentence since the PCRA petition is timely.

The PCRA court opines that the legality of sentencing claim regarding the mandatory sentence was previously litigated in White's direct appeal. *See* PCRA Court Opinion, 12/16/2016, at 20, 24. In deciding White's direct appeal on February 26, 2014, a panel of this Court mentioned *Alleyne* in a footnote:

> In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the United States Supreme Court held: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 489. Further, during the pendency

---

[5] In *Alleyne*, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne, supra*, 133 S.Ct. at 2155. Applying *Alleyne*, the courts of this Commonwealth have determined our mandatory minimum sentencing statutes are unconstitutional where the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. *Commonwealth v. Newman*, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*).

of this appeal, the United States Supreme Court decided ***Alleyne v. United States*** and held that, where an "aggravating fact" increases a mandatory minimum sentence, "the fact is an element of a distinct and aggravated crime. [The fact] must, therefore, be submitted to the jury and found beyond a reasonable doubt." ***Alleyne v. United States***, __ U.S. __, __, 133 S. Ct. 2151, 2162-2163, 186 L. Ed. 2d 314 (2013).

Yet, ***Alleyne*** does not render illegal Appellant's five-year mandatory minimum sentence. Indeed, as is relevant to the case at bar, Appellant's five-year mandatory minimum sentence was triggered because Appellant was convicted of possession of cocaine with the intent to deliver and because: 1) Appellant **stipulated to** the fact that the cocaine weighed 10.53 grams (which constitutes "at least ten grams and less than 100 grams" of cocaine) and 2) "at the time of sentencing [Appellant had] been convicted of another drug trafficking offense." 18 Pa.C.S.A. § 7508(a)(2)(ii). ***Alleyne*** is thus inapplicable to the case at bar, as one of the two "aggravating facts" was **stipulated to** by Appellant and the other "aggravating fact" constituted a **prior conviction**.

***Commonwealth v. White***, 97 A.3d 814 [763 EDA 2013] (Pa. Super. 2014) (unpublished memorandum, at 5 n.2) (emphasis in original).  Therefore, because White stipulated to the weight of the cocaine, the panel concluded ***Alleyne*** did not apply.

We recognize the early decisions interpreting ***Alleyne***, "implied that [a defendant] could legally stipulate to the amount of drugs recovered, and agree to the imposition of the mandatory minimum sentence under Section 7508." ***Commonwealth v. Rivera***, 154 A.3d 370, 379 (Pa. Super. 2017) (*en banc*). However, these cases were issued before the impact of ***Alleyne*** was clarified by this Court.  As the ***Rivera*** Court explained:

Indeed, it was not until our decision in [***Commonwealth v.***] ***Newman,*** [99 A.3d 86, 98 (Pa. Super. 2014)], filed in August of 2014, that an *en banc* panel held Pennsylvania's mandatory

- 10 -

minimum sentencing statutes, which permitted a trial court to increase a defendant's minimum sentence based upon a preponderance of the evidence standard, were unconstitutional under *Alleyne* and incapable of severance. After *Newman*, this Court consistently rejected any harmless error analysis that attempted to circumvent the plain language of the statutes. *See Commonwealth v. Valentine*, 2014 PA Super 220, 101 A.3d 801, 811 (Pa. Super. October 3, 2014) (rejecting argument that submitting factual prerequisite of mandatory minimum statute to the jury would satisfy *Alleyne*; "[b]y asking the jury to determine whether the factual prerequisites ... had been met, the trial court effectively determined that the unconstitutional provisions [of the statutes] were severable."), *appeal denied*, 633 Pa. 749, 124 A.3d 309 (Pa. 2015); *Commonwealth v. Fennell*, 2014 PA Super 261, 105 A.3d 13, 20 (Pa. Super. November 21, 2014) (rejecting argument that defendant's stipulation to amount of drugs recovered satisfies mandate of *Alleyne*; "both *Newman* and *Valentine* unequivocally state that creating a new procedure in an effort to impose a mandatory minimum sentence is solely within the province of the legislature."), *appeal denied*, 632 Pa. 691, 121 A.3d 494 (Pa. 2015); *Commonwealth v. Wolfe*, 2014 PA Super 288, 106 A.3d 800, 806 (Pa. Super. December 24, 2014) ("In our view, *Newman* abrogated this Court's decision in *Matteson*.").

*Id.* at 378–379. Therefore, applying *Newman*, a stipulation regarding the amount of drugs cannot serve to circumvent *Alleyne*.

Turning to the present PCRA appeal, it is significant that the panel that decided White's direct appeal in February of 2014 did not have the benefit of *Newman*, since *Newman* was not issued until August 20, 2014. In light of *Newman*, we do not regard White's mandatory minimum sentencing issue as "previously litigated." 42 Pa.C.S. § 9544(a).

Generally, *Alleyne* does not apply retroactively to cases on collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). However, this Court has held, in the context of timely collateral review,

- 11 -

that *Alleyne* invalidated a mandatory minimum sentence when petitioner's judgment of sentence was pending on direct review at the time *Alleyne* was decided. *See Commonwealth v. Ruiz*, 131 A.3d 54 (Pa. Super. 2015). Therefore, because White's direct appeal was pending when *Alleyne* was decided, we conclude White's mandatory minimum sentence is illegal and that he is entitled to resentencing.

Accordingly, the order of the PCRA court is affirmed in part, reversed in part, and this case is remanded for resentencing.

Order affirmed in part, reversed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017