630 A.2d 1281

COMMONWEALTH of Pennsylvania

v.

William BOND, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 9, 1993.

Filed Sept. 22, 1993.

William Bond, appellant, pro se.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before OLSZEWSKI, TAMILIA and BROSKY, JJ.

OLSZEWSKI, Judge:

Appellant, William Bond, appeals the dismissal of his petition under the Post–Conviction Relief Act [1] without a hearing. We affirm.

In 1984, Bond was convicted of third-degree murder and possession of an instrument of crime in connection with a random shooting that resulted in a death. He appealed to this Court after his appellate rights were reinstated *nunc pro tunc*, and we affirmed. *Commonwealth v. Bond*, 366 Pa.Super. 635, 526 A.2d 1230 (1987) (table). Bond filed a *pro se* PCRA petition and counsel was appointed. After counsel contacted Bond and conducted a meticulous review of his claims in light of the record, she concluded that there were no issues upon which Bond could seek post-conviction relief. She therefore informed Bond and the court of her efforts by

1. 42 Pa.C.S.A. § 9541, *et seq.*

drafting a "no merit" letter pursuant to *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988). The court conducted an independent review of the record and likewise concluded that Bond raised no cognizable claim. It thus permitted counsel to withdraw and dismissed Bond's petition without a hearing.

## I.

■ We agree that Bond's substantive claims are meritless. Bond contends that trial counsel was ineffective for failing to challenge a search warrant as overbroad and for failing to object to inflammatory photographic evidence. These claims were discussed thoroughly by this Court in a memorandum affirming Bond's judgment of sentence. The issues are therefore "finally litigated" and not subject to further review. 42 Pa.C.S.A. § 9543(a)(3). Moreover, Bond raises several claims in which he further challenges trial counsel's stewardship. As both prior counsel and the PCRA court correctly concluded, these claims are vague and unsupported by any factual allegations. We may not consider ineffectiveness claims which are made in a vacuum. *Commonwealth v. Baker,* 531 Pa. 541, 614 A.2d 663 (1992).

■ Bond also contends that appellate counsel was ineffective for failing to challenge the suggestive nature of a photographic array which was used for identification purposes at his preliminary and suppression hearings. These claims are also meritless. It is inappropriate to challenge defects in a preliminary hearing after conviction. *Commonwealth v. Worrall,* 415 Pa.Super. 478, 609 A.2d 851 (1992). Also, as this Court noted on Bond's direct appeal, the photographs were not admitted into trial and therefore any alleged error regarding the suppression of the photos is irrelevant. *See, Commonwealth v. Ransome,* 485 Pa. 490, 402 A.2d 1379 (1979). Finally, Bond does not provide any factual basis for his conclusion that the identification procedure was suggestive.

The PCRA court properly permitted counsel to withdraw and dismissed the petition.

## II.

██ Bond's major complaint on this appeal is that he was not notified of the PCRA court's intention to dismiss his petition without a hearing. Bond asks us to remand because he contends that had he known of the trial court's intention, he could have procured new counsel or appeared before the court *pro se* to further clarify his claims. He points to Rule of Criminal Procedure 1507, which provides:

### Rule 1507. Disposition Without Hearing

(a) The judge shall promptly review the motion [for post-conviction relief], any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, *the judge shall give notice to the parties of the intention to dismiss the motion and shall state in the notice the reasons for the dismissal.* The defendant may respond to the proposed dismissal within 10 days of the date of the notice. The judge shall either order the motion dismissed, or grant leave to file an amended motion, or direct the proceedings to continue.

Pa.R.Crim.P., Rule 1507, 42 Pa.C.S.A. (emphasis added).

We decline to remand this case. Our Supreme Court and this Court have developed an elaborate set of requirements which must be followed when an attorney wishes to withdraw from representation of a PCRA petitioner who cannot raise a meritorious claim. *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley, supra.* "When, in the exercise of his [or her] professional judgment, PCHA counsel determines that the issues raised under the PCHA are meritless, and when the PCHA court concurs, counsel will be permitted to withdraw, and the petitioner may proceed *pro se*, or by privately retained counsel, or not at all." *Turner*, 518

Pa. at 495, 544 A.2d at 928–929.[2] In order to withdraw successfully, however, counsel must inform the court in a "no-merit letter" the extent of her review, the exact claims raised by the petitioner, and explain why they are meritless. *Finley*, 379 Pa.Super. at 392, 550 A.2d at 215. The post-conviction court must conduct its own review of the record and agree that the petition is meritless. *Id.* Once this procedure is completed, the petitioner has received "all the protection incorporated into the right to counsel in collateral proceedings" to which he is entitled, *Turner*, 518 Pa. at 495, 544 A.2d at 928, and "[n]o further inquiry, notification to the petitioner or a finding that the claims of the petitioner [are] 'wholly frivolous' " is necessary. *Finley*, 379 Pa.Super. at 393, 550 A.2d at 215.

Here, both counsel and the court scrupulously followed the procedure that we established in *Finley*. Counsel wrote a detailed "no-merit" letter to the court and forwarded a copy of the letter to Bond.[3] Moreover, the record contains numerous correspondence between Bond and counsel during which counsel explained repeatedly that post-conviction proceedings were not designed to allow convicted persons to reassert claims that have been litigated to finality in the appropriate fora. For Bond to complain now that he received no "notice" of the court's intention to enter an order dismissing his petition stands the entire *Finley* procedure on its head. Bond was well aware of the deficiencies in his claims and of counsel's intention to withdraw. If Bond wished to respond to counsel's motion, he had every right to do so. He chose not to. Additional notification of the court's intention to dismiss

**2.** Although both *Turner* and *Finley* were decided under the Post-Conviction Hearing Act, the procedures for withdrawal established by those cases applies with equal force under the PCRA. *Commonwealth v. Blystone*, 421 Pa.Super. 167, 617 A.2d 778 n. 3 (1992).

**3.** Bond also contends that he did not receive a copy of the "no merit" letter and thus does not know why counsel sought to withdraw. Despite our skepticism with regard to this claim, Bond did receive numerous letters from counsel in which she explained exactly why she found his claims meritless. Thus, even if Bond did not receive the "no-merit" letter, his contention that he did not know why counsel sought withdrawal is fantastic.

Bond's petition without a hearing under Pa.R.C.P. 1507 was unnecessary in this case.

Finally, even if the Court erred in its failure to strictly comply with Rule 1507, Bond suffered no prejudice by this failure. Not only was Bond made aware of counsel's intention to withdraw, but he was also advised of his appellate rights and his opportunity to pursue an appeal *pro se* or with privately retained counsel. *See,* Bond's brief, Exhibit "H." He preserved his right to appeal and elected to proceed *pro se.* We have now reviewed Bond's claims for the third time and find them meritless. If any meaningful response to the PCRA court's dismissal were forthcoming, we have not been made aware of it. Bond received every bit of judicial review to which he is entitled. We will not prolong this litigation.

Order affirmed.