J-S59024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRETT ALAN SHEARD | |
| Appellant | No. 3366 EDA 2013 |

Appeal from the PCRA Order October 31, 2013
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000130-2009

BEFORE:  SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED NOVEMBER 12, 2014**

Brett Alan Sheard appeals *pro se* from the order entered in the Court of Common Pleas of Wayne County dismissing his petition filed under the Post Conviction Relief Act ("PCRA").[1]  The PCRA court denied Sheard's PCRA petition on the ground that the issues raised therein were previously litigated.  After careful review, we affirm.

On October 8, 2009, Sheard pled guilty to one count each of involuntary deviate sexual intercourse ("IDSI"),[2] incest,[3] and indecent

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3123(b).

[3] 18 Pa.C.S. § 4302.

assault,[4] in connection with sexual acts Sheard performed on his daughters, ages three and five. Following a Megan's Law hearing, the court determined Sheard to be a sexually violent predator (SVP), and imposed an aggregate sentence of 16 to 35 years' imprisonment. Following the denial of his post-sentence motion, Sheard filed a direct appeal, challenging his SVP designation as well as the discretionary aspects of his sentence. This Court affirmed Sheard's judgment of sentence on November 24, 2010. ***Commonwealth v. Sheard***, 22 A.3d 1080 (Pa. Super. 2010) (unpublished memorandum). Subsequently, on May 19, 2011, Sheard filed a PCRA petition. The PCRA court dismissed Sheard's petition on November 6, 2013. This timely appeal followed.[5]

On appeal, Sheard presents the following issues verbatim for our review:

1. Did the trial court err in finding Sheard to be a sexually violent predator within the meaning of the statute, as said finding was against the weight of the evidence presented at sentencing?

2. Did the trial court err in sentencing Sheard to an aggregated [sic] sentence of 192 months to no more than 420 months?

3. Did the trial court err in sentencing Sheard with being a previous offender when he was involuntarily incarcerated in

---

[4] 18 Pa.C.S. § 3126(a)(7).

[5] We note that Sheard filed an amendment to his brief on September 9, 2014, which raises five additional issues on appeal. However, these challenges are waived because they were not preserved for appeal, nor does Sheard advance any argument in support thereof. ***See*** Pa.R.A.P. 302.

SCI Waymart for psychological evaluation, not to serve out a sentence?

4. Did the trial court err in ordering Sheard's sentence on count 13 of the information and count 31 of the information to run consecutive to the sentence on count 1?

Brief of Appellant, at 2.

We are guided by the following principles in our review of this appeal. "Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011) (internal quotation marks and citations omitted). "The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009) (internal quotation marks and citations omitted). Additionally, a PCRA petitioner must adhere to certain pleading and proof requirements.

In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found at 42 Pa.C.S. § 9543(a)(2) (setting forth the eligibility requirements of the PCRA). Further, the petitioner must demonstrate that the issues raised in his PCRA petition have not been previously litigated or waived. *Id.* at § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id.* at § 9544(a)(2). A PCRA claim is waived "if the petitioner could have raised it but failed to do so before trial, at trial, [. .

.], on appeal or in a prior state post-conviction proceeding." *Id.* at § 9544(b).

*Commonwealth v. Martin*, 5 A.3d 177, 182-83 (Pa. 2010).

Our review of the record indicates that the issues Sheard raises on appeal have been previously litigated. In *Commonwealth v. Sheard*, *supra*, this Court addressed Sheard's challenges to his SVP designation as well as the discretionary aspects of his sentence. As noted *supra*, this Court affirmed Sheard's judgment of sentence. In addition, we found the appeal to be frivolous, and granted counsel's petition to withdraw. Because the issues Sheard now raises on appeal have been previously litigated, he is ineligible for post-conviction relief. *See* 42 Pa.C.S. § 9544(a)(2); *see also Commonwealth v. Bond*, 630 A.2d 1281, 1282 (Pa. Super. 1993) (claims finally litigated where discussed thoroughly by Superior Court on direct appeal). Accordingly, we must dismiss Sheard's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/12/2014</u>

- 4 -