J-S04036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VERNON HALL, | |
| Appellant | No. 392 MDA 2014 |

Appeal from the PCRA Order January 28, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000752-2012,
CP-35-CR-0001776-2011

BEFORE:  BOWES, ALLEN, and STRASSBURGER,* JJ.

CONCURRING STATEMENT BY BOWES, J.:          **FILED APRIL 10, 2015**

I join in the decision of my learned colleagues.  I write further only to address several key points in light of our remand.  First, Appellant is proceeding *pro se* because PCRA counsel was permitted to withdraw under **Turner/Finley** practice.  Since, contrary to Appellant's representation in his brief, he did not raise a credit for time served complaint in his underlying PCRA petition, and the record does not reveal the issue, I do not fault counsel for not addressing the claim.  **See Commonwealth v. Rykard**, 55 A.3d 1177, 1190 n.9 (Pa.Super. 2012).  Nonetheless, because Appellant's nonwaivable position may raise a question of fact that cannot be resolved by the current record, he is entitled to counsel for purposes of any evidentiary

*Retired Senior Judge assigned to the Superior Court.

hearing. *See* Pa.R.Crim.P. 904. Of course, Appellant may elect to waive that right after an appropriate colloquy.

Finally, I voice my strong disapproval of the PCRA court's intentional disregard of Pa.R.Crim.P. 907 based on this Court's decision in *Commonwealth v. Bond*, 630 A.2d 1281 (Pa.Super. 1993). *Bond* cannot be read to eviscerate a criminal rule of procedure in *Turner/Finley* cases. Pointedly, *Bond* is appropriately limited to the precise facts therein, and did not hold that Rule 907 notice is not mandatory in *Turner/Finley* cases. Moreover, in my view, *Bond* is no longer sound law in light of our Supreme Court's subsequent decision in *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009), which requires petitioners to file a response to a Rule 907 notice to preserve issues of *Turner/Finley* counsel ineffectiveness. The failure of the court to supply such a notice would preclude petitioners from complying with *Pitts*. Accordingly, I would urge the PCRA court to abide by the clear mandate of Rule 907.

With these additions in mind, I join the distinguished majority.