J-S77019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
            :              PENNSYLVANIA
            :
         v.          :
            :
            :
STEVE RICHARD MCCOLLUM, JR.   :
            :
       Appellant     :   No. 288 MDA 2017

Appeal from the PCRA Order January 11, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005177-2011

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:          **FILED JANUARY 09, 2018**

Steven R. McCollum appeals *pro se* from the order, entered in the Court of Common Pleas of Dauphin County, dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  After careful review, we reverse and remand for an evidentiary hearing.

McCollum was arrested and charged with attempted murder,[1] aggravated assault,[2] possession of a firearm (prohibited),[3] and carrying a

---

[1] 18 Pa.C.S. § 2502.

[2] 18 Pa.C.S. § 2702(a)(1).

[3] 18 Pa.C.S. § 6105(a)(1).

---

\*   Former Justice specially assigned to the Superior Court.

firearm without a license.[4]  The facts underlying the case were summarized

by our Court on direct appeal as follows:

> In the early morning of October 9, 2011, Timothy Juett ("Juett")
> suffered a gunshot wound to the back following an altercation over
> a parking space.  At approximately 2:39 a.m., Officer Nathan
> Isham ("Officer Isham") of the Harrisburg Police Department
> received a dispatch of shots fired in the area of 35 North Summit
> Street.  Officer Isham arrived on the scene approximately three
> minutes later and discovered the victim on 13th and State Street.
> Shortly thereafter, Hany Ahmed ("Ahmed"), a friend of the victim
> and witness to the incident, arrived and provided Officer Isham
> with information regarding the appearance of the suspect and his
> vehicle.  Officer Isham put out information over the radio that the
> suspect was driving a white Cadillac with a blue ragtop and a
> license plate beginning with "J-M-R."
>
> While en route to the scene of the shooting, Officer Mike Rudy
> ("Officer Rudy") of the Harrisburg Police Department observed a
> white Cadillac with a blue ragtop and a license plate beginning
> with "H-M-R" driving on the 100 block of Summit Street.  Because
> the vehicle matched the description of the suspect vehicle, Officer
> Rudy followed the vehicle in his police cruiser but did not activate
> his lights.  After approximately three blocks, the vehicle slowed
> down, both of its front doors opened, and its occupants attempted
> to flee.  Officer Rudy then activated his emergency equipment.
> The vehicle then pulled over to the side of the road and struck a
> parked car.  The driver fled the vehicle and dropped something on
> the ground as he ran.  Officer Rudy then arrested the driver as he
> attempted to re-enter the vehicle.  Once the driver of the vehicle
> and the remaining passengers were detained, Officer Rudy
> discovered a handgun in the area where he observed the driver
> drop something.
>
> Once the passengers of the vehicle were detained, Officer Isham
> drove Ahmed to see if he could identify any of the individuals as
> the shooter.  With each individual handcuffed and seated on the
> curb, the police stood each man up individually while Ahmed
> observed from Office Isham's police cruiser.  Ahmed then

---

[4] 18 Pa.C.S. § 6106(a)(1).

identified the driver of the vehicle, McCollum, as the person responsible for shooting Juett.

Prior to trial[,] McCollum filed a motion to suppress the evidence obtained pursuant to the traffic stop and Ahmed's identification of him as the shooter. Following a suppression hearing on October 2, 2012, the motion was denied. On December 18, 2012, following a jury trial, McCollum was convicted of the aforementioned crimes and sentenced to 20-40 years of incarceration.

*Commonwealth v. McCollum*, 646 MDA 2013 (unpublished memorandum decision filed Feb. 19, 2014) (Pa. Super. 2014), at 1-3. In December 2012, McCollum filed post-sentence motions that were denied. In April 2013, McCollum filed a timely direct appeal; our Court affirmed his judgment of sentence. *Id.* On March 24, 2014, McCollum filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied.

On June 24, 2015, McCollum filed a timely *pro se* PCRA petition. Counsel was appointed; he filed two supplemental petitions on McCollum's behalf. On April 26, 2016, appointed counsel filed a *Turner*/*Finley*[5] no-merit letter and accompanying request to withdraw. On December 7, 2016, the PCRA court permitted counsel to withdraw and issued its Pa.R.Crim.P. 907 notice of intent to dismiss McCollum's petition, advising McCollum that he had 20 days to respond. McCollum did not receive the notice to dismiss until December 29, 2016 – beyond the allotted 20-day response window. On January 1, 2017, McCollum filed a motion for extension of time to file objections to the Rule 907

---

[5] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

notice. On January 11, 2017, the PCRA court dismissed McCollum's PCRA petition without a hearing. On January 17, 2017, the court issued an order denying McCollum's request for an extension to respond to its Rule 907 notice, noting that "Petitioner was given 20 days from [December 7, 2016] to file a response [and] [a]s neither a response nor a request for extension was received within that timeframe, this Court dismissed the PCRA Petition by Order dated January 11, 2017." Order, 1/19/17.

McCollum filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He presents the following issues for our review:

   (1)    Whether the lower court erred in denying [McCollum] PCRA relief without a hearing on his claim that counsel's erroneous advice led him to waive his right to testify conflicting with the standard set forth in **Commonwealth v. Walker**, 110 A.3d 1000 (Pa. Super. 2015).

   (2)    Whether [McCollum's] due process rights were violated when he was not provided adequate time to respond to the [Rule] 907 notice as the PCRA court violated Rule 907 by failing to grant an extension of time for [McCollum] to file objections to the [Rule] 907 notice.

   (3)    Whether the lower court erred in denying [McCollum] PCRA relief without a hearing on his claim that counsel rendered ineffective assistance[6] for failing to impeach the

---

[6] It is well-established that "counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012). To prevail on an ineffectiveness claim, the petitioner has the burden to prove that "(1) the underlying substantive claim has arguable merit; (2) counsel whose

Commonwealth's main witness by cross-examining him on potential bias and motives.

(4)  Whether the lower court erred in denying [McCollum] PCRA relief without a hearing on his claim that counsel rendered ineffective assistance for failing to request that the jury be polled.

(5)  Whether the lower court erred in denying [McCollum] PCRA relief without a hearing on his claim that counsel rendered ineffective assistance for failing to investigate by interviewing potential witnesses.

Appellant's Brief, at 4 (renumbered for ease of disposition).

On appeal from the denial of PCRA relief, this court must determine whether the post-conviction court's findings were supported by the record and whether the court's order is otherwise free of legal error. **Commonwealth v. Blackwell**, 647 A.2d 915 (Pa. Super. 1994). The findings of the post-conviction court will not be disturbed unless they have no support in the record. **Id.**

The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. **Commonwealth v. Uderra**, 706 A.2d 334 (Pa. 1998). In order to sustain a claim that counsel was ineffective for failing to advise the defendant of his

_____

effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." **Commonwealth v. Sneed**, 45 A.3d 1096, 1106 (Pa. 2012). "A petitioner establishes prejudice when he demonstrates 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" **Commonwealth v. Johnson**, 966 A.2d 523, 532-33 (Pa. 2009). The failure to satisfy any one of the three prongs will cause the entire claim to fail. **Sneed**, 45 A.3d at 1106 (citation omitted).

- 5 -

rights in this regard, the defendant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision as to whether to testify on his own behalf. ***Id.*** "The appropriate standard for assessing whether a defendant was prejudiced by trial counsel's ineffectiveness regarding the waiver of his right to testify is *whether the result of the waiver proceeding would have been different absent counsel's ineffectiveness, not whether the outcome of the trial itself would have been more favorable had the defendant taken the stand*." ***Commonwealth v. Walker***, 110 A.3d 1000, 1005 (Pa. Super 2015) (emphasis added).

Instantly, McCollum stated, in open court, that after consulting with counsel he voluntarily decided not to testify at trial. ***See*** N.T. Trial, 10/17/12, at 529-32. Thus, on the face of the trial record, it does not appear that counsel interfered with McCollum's right to testify. ***Uderra***, ***supra***. The PCRA court, however, concludes that counsel's decision to advise McCollum not to testify was both reasonable and designed to effectuate his client's best interest, where counsel told McCollum that the Commonwealth would impeach McCollum regarding his prior federal firearms and state firearms and aggravated assault convictions. Trial Court Opinion, 12/8/16, at 4. The court further opines that McCollum is not entitled to relief on this claim because he "fails to demonstrate how, had he testified, the outcome of the proceedings would have been different." ***Id.***

In *Commonwealth v. Nieves*, 746 A.2d 1102 (Pa. 2000), our Supreme Court stated:

> Trial counsel confirmed that Appellant desired to testify and that he advised Appellant not to testify because he could be impeached by his criminal record. We agree with Appellant that such advice was clearly unreasonable as it is well-established that evidence of prior convictions can only be introduced for the purpose of impeaching the credibility of a witness if the conviction was for an offense involving dishonesty or false statement. *Commonwealth v. Randall*, [] 528 A.2d 1326 (Pa. 1987). Appellant's convictions of drug trafficking and firearm offenses did not involve dishonesty or false statements and therefore would not have been admissible to impeach his credibility. As the common pleas court credited Appellant's testimony that his decision not to testify was based on this erroneous advice, such decision cannot be deemed knowing or intelligent.

*Id.* at 1104-1105 (citations to record omitted).

As in *Nieves*, we cannot deem McCollum's decision not to testify as either knowing or intelligent where counsel allegedly advised McCollum not to testify based on the incorrect belief that the Commonwealth would impeach him on his prior non-*crimen falsi* convictions. *Uderra*, *supra*. Additionally, we recognize that the trial court applied the incorrect standard in assessing this claim. The proper inquiry is not whether McCollum's testimony would have changed the outcome of his trial, but, rather, whether the result of the waiver proceeding would have been different absent counsel's ineffectiveness. *Walker*, *supra*.

Because McCollum's petition was dismissed without a hearing, we do not have the benefit of counsel's testimony explaining why, in fact, he advised McCollum not to testify. *Cf. Nieves*, *supra*. Under such circumstances, the

PCRA court erred in dismissing McCollum's petition without a hearing where there was a genuine issue of material fact that may entitle him to relief. **See** Pa.R.Crim.P. 907(2) ("A petition for post-conviction collateral relief may be granted without a hearing when the petition and answer show that there is no genuine issue concerning any material fact and that the defendant is entitled to relief as a matter of law.").[7]

Accordingly, we remand for the appointment of PCRA counsel, **see** Pa.R.Crim.P. 904(C),[8] and a hearing on McCollum's claim. If, after the hearing, the PCRA court concludes that counsel's decision was not reasonable and that he was ineffective in advising McCollum not to testify at trial, a new trial shall be ordered. If, however, the PCRA court concludes that counsel was

---

[7] Having concluded that the court improperly dismissed McCollum's petition without a hearing, we also find that dismissing his petition without first giving McCollum the opportunity to respond to the court's Rule 907 notice was erroneous and that permitting counsel to withdraw pursuant to **Turner**/**Finley** was likewise improper. **Cf. Commonwealth v. Bond**, 630 A.2d 1281 (Pa. Super. 1993) (where both counsel and the court scrupulously followed **Turner**/**Finley** procedure, counsel wrote detailed "no-merit" letter to court and forwarded copy of letter to defendant, record contained numerous correspondence between defendant and counsel during which counsel explained repeatedly that PCRA proceedings were not designed to allow convicted persons to reassert claims that have been litigated to finality, defendant did not have meritorious claim that he did not receive Rule 907 notice; defendant was well aware of deficiencies in his claims and of counsel's intention to withdraw).

[8] **See** Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.").

not ineffective for advising McCollum to not testify, then it shall dismiss his petition.[9]

Order reversed. Case remanded for the appointment of counsel and an evidentiary hearing. Jurisdiction relinquished.

BENDER, P.J.E., Joins the memorandum.

STEVENS, P.J.E., Files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2018

_____

[9] We, however, do not find merit in the remainder of McCollum's claims: (1) counsel cross-examined Ahmed extensively on his inconsistent statements regarding the timeline of events and his identification and description of the assailant; (2) McCollum has not offered any evidence to show that any of the jurors did not voluntarily join in the announced, unanimous verdict, **see Commonwealth v. Johnson**; 459 A.2d 5 (Pa. Super. 1983); and (3) McCollum fails to explain exactly what material evidence Ahmed Soweilam would have provided to exculpate him, **see Commonwealth v. Polk**, 500 A.2d 825 (Pa. Super. 1985).