J-S77019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVE RICHARD MCCOLLUM, JR. | : | |
| | : | No. 288 MDA 2017 |
| Appellant | | |

Appeal from the PCRA Order January 11, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005177-2011

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:  **FILED JANUARY 09, 2018**

Appellant, Steve Richard McCollum, Jr., has not met his burden of pleading and proving that the PCRA[1] court erred in failing to hold an evidentiary hearing as to his claim that trial counsel was ineffective in advising Appellant not to testify on his own behalf at trial.  Appellant neither attached an affidavit in support of his allegations nor explained why such an affidavit was not attached.  **See** Pa.R.Crim.P. 902(A)(12)(b).  Thus, as I would affirm the PCRA court's order in its entirety,[2] I respectfully dissent.

---

[1] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

[2] To the extent the Majority suggests there is merit in Appellant's claim that his due process rights were violated when the PCRA court denied his motion for an extension of time to respond to the Pa.R.Crim.P. 907 notice, I disagree. **See Commonwealth v. Bond**, 630 A.2d 1281 (Pa.Super. 1993).  However, I agree with the Majority that Appellant's remaining claims are meritless.

---

\* Former Justice specially assigned to the Superior Court.

It is well-settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa.Super. 2008) (citation omitted). In the case *sub judice*, the claim at issue pertains to the ineffective assistance of counsel. Since such a claim must meet all three prongs of the test for ineffectiveness,[3] if the PCRA court can determine without an evidentiary hearing that one of the prongs cannot be met, then no purpose would be advanced by holding an evidentiary hearing. **See id.**

As the Majority indicates, in **Commonwealth v. Nieves**, 560 Pa. 529, 746 A.2d 1102 (2000), our Supreme Court delineated the following standard to apply to claims that counsel was ineffective in advising a defendant not to testify on his own behalf:

> The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

---

[3] As the Majority has cogently indicated, to prevail on a claim of ineffectiveness, a petitioner has the burden of pleading and proving that "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." **Commonwealth v. Sneed**, 616 Pa. 1, 45 A.3d 1096, 1106 (2012) (citation omitted).

***Nieves***, 746 A.2d at 1104 (internal citations omitted).

In the instant case, the following colloquy occurred in open court at Appellant's jury trial:

> **[TRIAL COUNSEL]:** Your Honor, next to me is [Appellant]. [Appellant], you have sat through the entire trial; is that correct?
>
> **[APPELLANT]:** Yes.
>
> **[TRIAL COUNSEL]:** And we are about to rest our defense case, which means that we are not going to call any additional witnesses. However, prior to doing that, you have the opportunity and you have the right to testify. Do you understand that?
>
> **[APPELLANT]:** Yes.
>
> **[TRIAL COUNSEL]:** And do you understand that the right to testify is your right and your right alone?
>
> **[APPELLANT]:** Yes.
>
> **[TRIAL COUNSEL]:** And that if you wanted to testify, that I could not stop you; [the district attorney] could not stop you; and [the trial judge] could not prevent you from testifying, if that is what your choice ultimately is.
>
> **[APPELLANT]:** Yes.
>
> **[TRIAL COUNSEL]:** Now, you and I just had a very brief discussion; is that correct?
>
> **[APPELLANT]:** Yes.
>
> **[TRIAL COUNSEL]:** And during our discussion I gave you—I'm not going to say what my advice was, but I gave you certain advice; is that correct?
>
> **[APPELLANT]:** Yes.
>
> **[TRIAL COUNSEL]:** Are you under the influence of any drugs or alcohol?
>
> **[APPELLANT]:** No, I'm not.
>
> **[TRIAL COUNSEL]:** Have there been any threats or promises made to you prior to you deciding whether you wish to remain silent or you wish to testify?
>
> **[APPELLANT]:** No.
>
> **[TRIAL COUNSEL]:** What—do you wish to testify?

**[APPELLANT]:** No, I do not.

**THE COURT:** [District attorney], any questions on this colloquy?

**[DISTRIC ATTORNEY]:** I don't think there's anything else to cover.

**THE COURT:** [Appellant], how far did you go in school?

**[APPELLANT]:** GED.

**THE COURT:** Okay.  Do you---

**[APPELLANT]:** '98.

**THE COURT:** Do you understand, read, and write the English language?

**[APPELLANT]:** Yes, I do.

**THE COURT:** Is there anything about what [trial counsel] said to you or that I'm saying to you now that you don't understand?

**[APPELLANT]:** No, there isn't.

N.T., 10/17/12, at 529-32.

In the case *sub judice*, Appellant does not allege interference with his right to testify under the first prong of the test set forth in ***Nieves***, and indeed, based on the aforementioned, there would be no arguable merit to such a claim*.*  However, Appellant claims that trial counsel's specific advice was so unreasonable as to vitiate a knowing and intelligent decision not to testify on his own behalf.  In this vein, he avers that trial counsel told him that, if he testified, the Commonwealth could impeach him with his prior firearms and aggravated assault convictions.

Assuming, *arguendo*, that pursuant to ***Nieves***, such advice, in certain circumstances, may be erroneous, in this case there is no evidence of such advice on the record.  Simply put, although there is a reference on the record

to trial counsel providing advice to Appellant, there is no indication on the record as to the substance of that advice. Further, Appellant failed to provide an affidavit from trial counsel to support his allegation as to the substance of the advice or explain the reason for the affidavit's absence. *See* Pa.R.Crim.P. 902(A)(12)(b) (PCRA petition shall contain facts supporting each ground for relief; if supporting facts do not appear of record "affidavits, documents and other evidence showing such facts" to be identified). *See also* ***Commonwealth v. Cousar***, --- Pa. ---, 154 A.3d 287, 300 (2017) ("[T]his Court has dismissed claims of ineffectiveness where [the] appellant has not provided counsel's affidavit; [however,] we have indicated we may overlook the failure where [the] appellant adequately explains why he did not submit it.") (citation omitted)).

Thus, here the PCRA court did not abuse its discretion in dismissing Appellant's claim without an evidentiary hearing. Accordingly, as I would affirm the PCRA court's order in its entirety, I respectfully dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2018