J. A30041/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
LANCE OWEN KING, : No. 1607 WDA 2016
:
Appellant :


Appeal from the PCRA Order, September 6, 2016,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0013607-2010


BEFORE:  BOWES, J., STABILE, J.,  AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　**FILED JANUARY 18, 2018**

Lance Owen King appeals **pro se** from the September 6, 2016 order entered in the Court of Common Pleas of Allegheny County that dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The record reflects that appellant pled guilty to three counts of criminal attempt -- homicide; three counts of aggravated assault; one count of firearms not to be carried without a license; and one count of conspiracy -- homicide.[1]  Appellant's guilty pleas resulted from an incident that occurred on August 27, 2010, during which appellant fired several shots from a .45 caliber handgun into a vehicle occupied by one adult and two children.  On September 26, 2011, the trial court imposed an aggregate sentence of ten

---

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 6106(a)(1), and 903(c), respectively.

to twenty years of imprisonment, followed by a ten-year term of probation. Appellant did not file post-sentence motions or a direct appeal.

On May 12, 2016, appellant filed a **pro se** "motion to modify and correct illegal sentence **nunc pro tunc**." The trial court appointed Scott Coffey, Esq., as appellant's PCRA counsel. On August 2, 2016, Attorney Coffey filed a motion to withdraw and a **Turney**/**Finley**[2] no-merit letter that he simultaneously served on appellant. By order docketed August 9, 2016, the trial court granted Attorney Coffey's motion to withdraw. On August 29, 2016, appellant filed another **pro se** "motion to modify and correct illegal sentence **nunc pro tunc**."

By order docketed September 9, 2016, the trial court dismissed appellant's PCRA petition without a hearing[3] and notified appellant that he had thirty days to appeal to this court. On October 5, 2016, appellant filed a

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

[3] The PCRA court dismissed appellant's petition without a hearing and without notice of its intent to dismiss the petition without a hearing. Where, as here, a **Turner**/**Finley** letter has been filed and served on the petitioner, and where the trial court waits 20 days following service of this letter, it can dismiss a PCRA petition without a hearing and without notice of its intent to do so. **Commonwealth v. Bond**, 630 A.2d 1281 (Pa.Super. 1993); **cf. Commonwealth v. Hopfer**, 965 A.2d 270, 273-275 (Pa.Super. 2009) (finding that procedure outlined in **Bond** did not justify dismissal of PCRA petition where the PCRA court granted request to withdraw and dismissed petition less than 20 days after the petitioner received counsel's request to withdraw). Further, appellant did not object to the PCRA court's failure to issue a notice of intent to dismiss the petition and, therefore, waived the issue. **Commonwealth v. Boyd**, 923 A.2d 513, 514 n.1 (Pa.Super. 2007) (noting appellant waived any complaint regarding the trial court's failure to issue notice of its intent to dismiss the petition).

notice of appeal to this court. On October 7, 2016, appellant filed a document that he titled "notice of appeal" with the trial court. That filing, however, contains six pages of argument as to why appellant contends that his sentence is illegal.

On November 23, 2016, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant failed to comply. On August 28, 2017, the trial court filed its Rule 1925(a) opinion wherein it concluded that appellant's failure to file a Rule 1925(b) statement resulted in waiver of all issues on appeal.

Appellant raises the following issue for our review:

> Is the Fifth Amendment of the United States Constitution violated where appellant was twice sentenced for the same charge?

Appellant's brief at unnumbered page 3 (capitalization and quotation marks omitted).

At the outset, we note that "[o]rdinarily, claims not raised in a court-ordered Rule 1925(b) statement are deemed waived on appeal." ***Commonwealth v. Langston***, 904 A.2d 917, 921 (Pa.Super. 2006) (citations omitted). The legality of a sentence, however, is an issue that cannot be waived. ***Id.*** (citations omitted).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); ***see also Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on September 26, 2011. Appellant failed to file a direct appeal to this court, and consequently, appellant's judgment of sentence became final on October 26, 2011, thirty days after imposition of sentence and the time for filing a direct appeal expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; ***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed May 12, 2016, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time bar are: when the government has interfered with the petitioner's ability to present the

claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa.Super. 2012). The petitioner bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If a petitioner fails to invoke a valid exception to the PCRA time bar, this court may not review the petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Here, appellant advances no claim that a jurisdictional time-bar exception applies. Rather, he baldly asserts that his sentence is illegal because he was "twice sentenced for a single charge in violation of double jeopardy."[4] (Appellant's brief at unnumbered page 4 (capitalization, bold-face type, and underscoring omitted).)

Finally, it is well settled that "even claims that a sentence was illegal, an issue deemed incapable of being waived, are not beyond the jurisdictional time restrictions." *Commonwealth v. Grafton*, 928 A.2d 1112, 1114 (Pa.Super. 2007), citing *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999); *Commonwealth v. Beck*, 848 A.2d 987 (Pa.Super. 2004).

---

[4] We note that appellant advances no legal argument as to why he claims his sentence violates double jeopardy. Therefore, even if appellant's claim was capable of review under the PCRA, appellant's failure to advance a legal argument would result in waiver of the claim. *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998) (petitioner waives undeveloped and/or unclear claims).

Consequently, appellant's illegal sentencing claim does not operate as an independent exception to the PCRA's jurisdictional time bar.

Therefore, the PCRA court lacked jurisdiction to review appellant's petition, and we may not review the petition on appeal.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/18/2018