J-S65030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MUHAMMUD BINABDULRAHI HILL | |
| Appellant | No. 916 MDA 2018 |

Appeal from the PCRA Order Entered May 2, 2018
In the Court of Common Pleas of Schuylkill County
Criminal Division at No: CP-54-CR-0000057-2014

BEFORE:  SHOGAN, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:               **FILED JANUARY 25, 2019**

Appellant, Muhammud Binabdulrahi Hill, appeals *pro se* from the May 2, 2018 order denying his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On October 22, 2014, a jury found Appellant guilty of aggravated assault, simple assault, and harassment.[1]  On December 2, 2014, the sentencing court imposed eight and one-half to seventeen years of incarceration.  This Court affirmed the judgment of sentence on March 11, 2015, and our Supreme Court denied allowance of appeal on September 27, 2016.  Appellant filed a timely first *pro se* PCRA petition on September 29, 2017.  On April 11, appointed counsel filed a no merit letter and petition to

_____

[1]  18 Pa.C.S.A. §§ 2701, 2702, and 2709.

withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court entered an order on May 2, 2018 dismissing the petition without a hearing and without ever entering notice of its intent to do so in accord with Pa.R.Crim.P. 907. The only issue Appellant raises in this timely *pro se* appeal is whether the PCRA court erred by failing to file a Rule 907 notice.

Because Appellant challenges the PCRA court's legal conclusion, our standard of review is *de novo*. **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775 (Pa. Super. 2015) (*en banc*), **appeal denied**, 123 A.3d 331 (Pa. 2015). Rule 907 provides in pertinent part as follows:

> Except as provided in Rule 909 for death penalty cases,
>
> (1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).

The only case Appellant cites in support of his argument is **Commonwealth v. Hopfer**, 965 A.2d 270 (Pa. Super. 2009). There, as here, the petitioner's counsel filed a no merit letter and the trial court dismissed the

petition without filing a Rule 907 notice. There, as here, the petitioner argued that the PCRA court committed an error of law in dismissing his petition without complying with Rule 907. We agreed. In its analysis, the *Hopfer* Court considered our decision in *Commonwealth v. Bond*, 630 A.2d 1281 (Pa. Super. 1993), in which this Court held that the PCRA court's dismissal without filing notice was acceptable where the dismissal occurred more than 20 days after the petitioner received counsel's no merit letter. The *Bond* Court declined to remand for entry of notice (under then extant Rule 1507, the predecessor to Rule 907) because counsel and the court "scrupulously" followed *Turner*/*Finley* procedure. *Id.* at 1283. The *Bond* Court wrote:

> In order to withdraw successfully, however, counsel must inform the court in a 'no-merit letter' the extent of her review, the exact claims raised by the petitioner, and explain why they are meritless. The post-conviction court must conduct its own review of the record and agree that the petition is meritless. Once this procedure is completed, the petitioner has received all the protection incorporated into the right to counsel in collateral proceedings' to which he is entitled, and '[n]o further inquiry, notification to the petitioner or a finding that the claims of the petitioner [are] 'wholly frivolous' is necessary.

*Id.* at 1283 (quoting *Turner* and *Finley*). In addition to the no merit letter and petition to withdraw, the petitioner's counsel sent multiple letters explaining the lack of validity of the petitioner's claims. *Id.* The petitioner never responded to the *Turner*/*Finley* filing. The *Bond* Court therefore concluded that the Rule 1507 (now Rule 907) notice was unnecessary. *Id.*

The *Hopfer* Court distinguished *Bond*, noting that the PCRA court in *Bond* waited more than twenty days after counsel's *Turner*/*Finley* filing to

dismiss the petition. In **Hopfer**, however, the PCRA court dismissed the petition immediately upon receiving counsel's **Turner**/**Finley** filing. **Hopfer**, 965 A.2d at 275. The petitioner therefore received the no-merit letter no more than two days before the PCRA court's dismissal order. **Id.** The **Hopfer** Court held that "any notice of dismissal, whether in the form of a Rule 907 notice by the court or a **Turner**/**Finley** no-merit letter, must occur at least twenty days prior to an official dismissal order." **Id.** Taken together, **Bond** and **Hopfer** teach that counsel's **Turner**/**Finley** filing can take the place of a Rule 907 notice so long as (1) counsel and the court scrupulously comply with **Turner**/**Finley** procedure, and (2) the PCRA court waits at least twenty days after the date of the **Turner**/**Finley** filing to enter a dismissal order.[2]

Instantly, the record reflects that counsel filed the **Turner**/**Finley** petition to withdraw and no merit letter on April 11, 2018. The PCRA court

---

[2] As a three-judge panel of this Court, we are not free to disregard the opinions in **Bond** and **Hopfer**. We observe however, that Rule 907 provides that a PCRA court "shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal." Pa.R.Crim. P. 907(1). Our Supreme Court has noted that "the word 'shall' as used in a statute is generally regarded as mandatory[.]" **Commonwealth v. Baker**, 690 A.2d 164, 167 (Pa. 1997). The **Bond** and **Hopfer** Courts, in essence, apply a judicially-created exception to the mandatory language of Rule 907 which permits the PCRA court to rely on a **Turner**/**Finley** filing in lieu of Rule 907 notice. This in turn, forces a *pro se* appellant to litigate whether compliance with **Turner**/**Finley** was sufficiently scrupulous, and/or whether **Bond** is viable under statutory construction analysis. This seems to us a significant burden to place on a *pro* petitioner who received no notice from the PCRA court that his petition was about to be dismissed without a hearing. Absent further direction from an *en banc* panel of this Court or our Supreme Court, however, we are constrained to adhere to existing precedent.

entered its dismissal order twenty-one days later, on May 2, 2018. The PCRA court therefore complied with **Hopfer**. Appellant never responded to counsel's **Turner**/**Finley** filing, and he does not assert any deficiency in compliance with **Turner**/**Finley** on the part of counsel or the court. We therefore affirm the order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/25/2019