J-S32014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELVIN JACKSON | : | |
| | : | |
| Appellant | : | No. 831 EDA 2018 |

Appeal from the PCRA Order February 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004208-2010

BEFORE: SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 08, 2019**

Appellant, Melvin Jackson, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We vacate and remand.

On January 20, 2009, Appellant and his accomplice, Isaiah Lassiter, robbed and murdered Dwayne Canty. On April 13, 2010, the Commonwealth filed an information charging Appellant with one count each of first-degree murder, robbery, criminal conspiracy, possession of an instrument of a crime ("PIC"), firearms not to be carried without a license and carrying firearms in public in Philadelphia.[1] On March 16, 2011, Appellant proceeded to a jury trial. On March 25, 2011, the jury found Appellant guilty of one count each of

---

[1] 18 Pa.C.S. §§ 2502(a), 3701(a)(1)(i), 903(a), 907(a), 6106(a)(1), and 6108, respectively.

first-degree murder, robbery, criminal conspiracy, and PIC. The two firearms offenses were *nol prossed*. That same day, the trial court sentenced Appellant to serve a term of life without parole for first-degree murder and a consecutive term of incarceration of ten to twenty years of for the robbery conviction. The trial court further sentenced Appellant to serve concurrent terms of incarceration of ten to twenty years for the conspiracy charge and two and one-half to five years for PIC.

On March 30, 2011, Appellant filed a timely post-sentence motion, which was denied on April 5, 2011. Appellant did not file a direct appeal.

On May 20, 2011, Appellant filed a second post-sentence motion in which counsel conceded his own ineffective assistance for not timely filing Appellant's notice of appeal due to a clerical error. The court treated the motion as a timely first PCRA petition and ordered the appointment of new counsel. Ultimately, on August 29, 2014, the court entered an order reinstating Appellant's direct appeal rights *nunc pro tunc*, and on September 26, 2014, Appellant filed a timely notice of appeal. On October 14, 2015, this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Jackson***, 134 A.3d 95, 2804 EDA 2014 (Pa. Super. filed October 14, 2015) (unpublished memorandum).

On March 9, 2016, Appellant timely filed the instant PCRA petition, *pro se*. The PCRA court appointed counsel, who filed a ***Turner/Finley*** no-merit

- 2 -

letter[2] and motion to withdraw on October 23, 2017. On February 7, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. The PCRA court dismissed the PCRA petition and granted counsel permission to withdraw on February 27, 2018. This timely appeal followed.

Appellant presents the following issue for our review:

1. Was the dismissal of Appellant's PCRA petition without a hearing in violation of Pa.R.Crim.P. 907[?]

Appellant's Brief at 4 (full capitalization omitted).

Appellant argues that his PCRA petition was erroneously dismissed. Appellant's Brief at 7-8. Appellant asserts that he did not receive appointed counsel's **Turner**/**Finley** letter prior to the dismissal of the PCRA petition, but he did receive the document after he filed his appeal in this matter. **Id**. at 7. In addition, Appellant avers that he did not receive the PCRA court's Rule 907 notice. **Id**. at 8. Thus, Appellant concludes that, due to these anomalies, "Appellant was prejudiced and deprived of his opportunity to respond to a notice of intent to dismiss." **Id**.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super.

_____

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Pennsylvania Rule of Criminal Procedure 907 provides, in pertinent part, as follows:

> the judge shall promptly review the [PCRA] petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to postconviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1). It is well settled that a PCRA court's compliance with this rule is mandatory. **See Commonwealth v. Feighery**, 661 A.2d 437, 439 (Pa. Super. 1995) ("It is, of course, clear that the notice requirement of the intention to dismiss, is mandatory ('the judge *shall* (give notice and) *shall* state (the reasons)'") (emphasis in original).

In **Commonwealth v. Bond**, 630 A.2d 1281 (Pa. Super. 1993), however, we concluded that an exception to the Rule 907 notice requirement exists where appointed counsel informed the petitioner that the petition was meritless, notified the petitioner of his intent to withdraw his representation pursuant to **Turner** and **Finley**, and the PCRA court dismissed the petition following an independent review of the record. In doing so, we observed that "even if the [PCRA c]ourt erred in its failure to strictly comply with [the notice requirement], Bond suffered no prejudice [because he knew] of counsel's intention to withdraw [and] was . . . advised of his appellate rights and his opportunity to pursue an appeal *pro se* or with privately retained counsel." **Bond**, 630 A.2d at 1283.

In **Feighery**, we distinguished the **Bond** exception. Noting that Rule 907(1) is mandatory, the **Feighery** Court concluded that the withdrawal procedure in that case did not provide notice of the PCRA court's intent to dismiss the petition without a hearing. We observed that appointed counsel's no-merit letter failed to disclose the possibility that the petition could be dismissed without notice if the petitioner failed to respond. Further, there was no evidence of correspondence from counsel to the petitioner explaining that the petition was meritless, and, except for counsel's stated intention to forward a copy of the no-merit letter to the petitioner, there was no indication that the petitioner received a copy. **Feighery**, 661 A.2d at 439. Hence, we concluded that the withdrawal procedure did not provide notice of the PCRA

court's intention to dismiss the petition without a hearing, and we vacated the order dismissing the petition.

Similarly, in **Commonwealth v. Hopfer**, 965 A.2d 270 (Pa. Super. 2009), the PCRA court dismissed a PCRA petition without a hearing and without Rule 907 notice after counsel was permitted to withdraw pursuant to **Turner**/**Finley**. Like in **Feighery**, we found the circumstances in **Hopfer** different from those in **Bond**. Unlike counsel's extensive communication with Bond, in **Hopfer**, counsel informed Hopfer that he found the petition to be meritless, but specifically noted that his decision was based upon his investigation "at this point," indicating that further review was forthcoming. **Hopfer**, 965 A.2d at 276-275. Counsel then told Hopfer that he was going to order the relevant transcripts and investigate the claims further. Without any further communication, counsel proceeded to file a **Turner**/**Finley** letter, in which counsel asserted that Hopfer's claims lacked merit, even though the letter was filed before counsel had ordered the transcripts that were necessary to evaluate the claims. **Id**. at 275. Finally, we noted that Hopfer did not have a chance to respond to counsel's letter because the PCRA court granted counsel's motion to withdraw as counsel and dismissed the PCRA petition without a hearing and without notice immediately upon receiving counsel's letter and motion. Unlike in **Bond**, we held that Hopfer was deprived of the opportunity to respond both to counsel's actions and the PCRA court's intent to dismiss the petition. We held that "service of any notice of dismissal,

whether in the form of a Rule 907 notice by the court or a ***Turner***/***Finley*** no-merit letter, must occur at least twenty days prior to an official dismissal order." ***Id***.

Here, the PCRA court has asked that we remand this matter stating, "This [c]ourt respectfully requests the Superior Court to remand the appeal back to the PCRA [c]ourt to serve proper notice." PCRA Court Opinion, 7/11/18, at 3. The instant PCRA court observed the following:

> Although, the [c]ourt did mail the notice to Appellant on February 7, 2018, it was returned to the [c]ourt due to an incorrect inmate number. See PCRA Court's letter to Appellant pursuant to Rule 907, attached hereto as "Exhibit A." The letter was not returned from the post office until March 2, 2018, which was after the petition was dismissed on February 27, 2018. See Exh. A.
>
> Further, Appellant contends that he also did not receive notice from his PCRA attorney of the intent to request his petition's dismissal. However, this [c]ourt received PCRA counsel's ***Finley*** letter on October 23, 2017. See Attorney David Rudenstein's ***Finley*** Letter, attached hereto as "Exhibit B." On the last page of the letter, Appellant is carbon copied as a recipient. See Exh. B. This [c]ourt reached out to [PCRA counsel] through court staff and was informed that the letter was never returned in the mail. However, because there is no proof of receipt, this [c]ourt is more than willing to remedy the situation by serving the proper notice to Appellant.

***Id***. In addition, the Commonwealth has stated, "In light of these circumstances, the Commonwealth does not oppose a limited remand to provide [Appellant] an opportunity to respond to the Rule 907 notice." Commonwealth's Brief at 10.

Pursuant to the authority cited above and the conclusions of both the PCRA court and the Commonwealth, it is our determination that a remand is

in order to provide Appellant with an opportunity to respond to the PCRA court's notice of intent to dismiss. Accordingly, we vacate the order dismissing Appellant's PCRA petition and remand the case for fulfillment of the notice requirement pursuant to Rule 907(1).

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/19