J-S14021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANK J. BROWN | : | |
| | : | No. 1524 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order Entered April 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009516-2008

BEFORE:   OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY McLAUGHLIN, J.:                  **FILED JUNE 07, 2018**

Frank Brown appeals from the order entered on April 21, 2017, denying his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm in part, reverse in part, vacate the judgment of sentence, and remand for resentencing.[1]

Brown was charged in 2008 with numerous crimes including aggravated assault, robbery, and carrying a firearm without a license. The charges stemmed from a December 2007 gunpoint robbery of a young woman and her 90-year-old grandmother. At his bench trial, Brown testified in his own defense that he did not know the victims and he was living and working in

_____

*   Retired Senior Judge assigned to the Superior Court.

[1] We deny Brown's "Motion for Extension of Time to File 'Reply Brief' in Response to the Commonwealth's Brief Filed on January 29, 2018."

South Carolina for a company called Echostar at the time of the robbery. N.T., 2/1/2010, at 136. He introduced into evidence his pay stubs from Echostar but none of them showed he was working the week of the attack. *Id.* at 148, 151. Brown conceded that the pay stubs did not show that he was working on the specific date of the robbery, but said he believed his attorney had subpoenaed records from Echostar and Echostar "gave [them] what they had." *Id.* at 149. He also presented as evidence stipulated testimony from his father that Brown was living with his father in South Carolina from October 2007 through February 2008. *Id.* at 129, 134.

On February 1, 2010, the trial court found Brown guilty of two counts each of the following crimes: aggravated assault, robbery, firearms not to be carried without a license, unlawful restraint, theft by unlawful taking, receiving stolen property, terroristic threats, simple assault, recklessly endangering another person, and false imprisonment.[2] He was also found guilty of one count each of carrying firearms on public streets or public property in Philadelphia and possession of an instrument of crime.[3] On March 18, 2010, the trial court sentenced Brown to an aggregate term of seven to 14 years' incarceration, followed by 15 years' reporting probation. The court imposed sentence on the charges of robbery and aggravated assault pursuant to the

_____

[2] 18 Pa.C.S.A. §§ 2702(a), 3701(a)(1)(ii), 6106(a)(1), 2902(a)(1), 3921(a), 3925(a), 2706(a)(1), 2701(a), 2705, and 2903(a), respectively.

[3] 18 Pa.C.S.A. §§ 6108 and 907(a), respectively.

mandatory minimum sentence for possession or control of a firearm at the time of the offense. *See* 42 Pa.C.S.A. § 9712 (held unconstitutional under *Alleyne*[4] by *Commonwealth v. Valentine*, 101 A.3d 801, 812 (Pa.Super. 2014)).

Brown filed a post-sentence motion, which the trial court denied on May 20, 2010. He later filed a *nunc pro tunc* direct appeal. This Court affirmed his judgment of sentence on January 9, 2015, and the Pennsylvania Supreme Court denied allowance of appeal on July 15, 2015. *See Commonwealth v. Brown*, 118 A.3d 441 (Pa.Super.) (unpublished memorandum), *appeal denied*, 118 A.3d 1107 (Pa. 2015). He did not seek *certiorari* in the United States Supreme Court. Brown's direct appeal did not challenge his mandatory minimum sentence.

Brown filed a timely *pro se* PCRA petition on August 18, 2015, followed by an amended *pro se* petition. The amended petition raised four claims for relief: (1) prosecutorial misconduct/suppression of material evidence; (2) after-discovered exculpatory evidence; (3) ineffective assistance of counsel; and (4) an illegal sentence under *Alleyne*. Brown's Amended PCRA Petition, 7/13/16, at 12-22. In support of his after-discovered evidence claim, Brown alleged that on June 15, 2015, he obtained a 2008 Wage Summary and Employee Check Register ("Wage Summary") that the Commonwealth and his

---

[4] *Alleyne v. United States*, 570 U.S. 99, 103 (2013) (holding that any facts leading to an increase in a mandatory minimum sentence are elements of the crime that the Commonwealth must prove at trial beyond a reasonable doubt).

attorney failed to provide him during the course of discovery and/or trial. *Id.* at 13. Brown claimed that these documents showed that he was working in South Carolina on the date of the robbery and therefore he was not the individual who committed the crime. *Id.* at 14.

The court appointed PCRA counsel, who filed a *Finley*[5] letter and a Petition to Withdraw as counsel. Counsel sent a copy of the *Finley* letter to Brown on January 7, 2017, but did not serve Brown with a copy of the filed *Finley* letter or the Petition to Withdraw, both of which were filed with the court on January 12, 2017. The *Finley* letter did not address Brown's *Alleyne* claim. The PCRA court subsequently sent a Pa.R.Crim.P. 907 notice to Brown that it intended to dismiss his petition without a hearing. The notice stated that the issues raised lacked merit. *See* Rule 907 Notice, 3/10/2017. The PCRA court later dismissed the petition on April 21, 2017 and granted counsel's Petition to Withdraw. Brown filed a timely *pro se* Notice of Appeal.

On May 26, 2017, the PCRA court filed a Pa.R.A.P. 1925(a) opinion that only addressed Brown's claims of ineffective assistance of counsel and after-discovered evidence – it did not mention his *Alleyne* claim. The PCRA court opined that Brown's evidence was not after-discovered evidence because Brown's defense counsel partially used the evidence at trial. Additionally, the PCRA court concluded that neither trial nor appellate counsel had been ineffective.

---

[5] *Commonwealth v. Finley*, 550 A.2d 213, 215 (Pa.Super. 1988) (*en banc*).

On appeal, Brown presents five issues:

I.     The PCRA court erred when the Honorable Anne Marie B. Coyle concluded that [Brown's] after-discovered evidence had been previously obtained, reviewed and utilized at trial, which, is not supported by the record.

II.    The PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without a hearing.

III.   The PCRA court erred by failing to correct [Brown's] illegal sentence.

IV.    [Brown's] PCRA counsel was ineffective and erred by not pursuing [Brown's] claims based on after-discovered exculpatory evidence.

V.     The PCRA court and [Brown's] PCRA counsel committed harmful error when they failed to serve [Brown] with a copy of the "Finley Letter", the "[Petition] to Withdraw as Counsel", and the PCRA "Dismissal Order".

Brown's Br. at 5.

We address Brown's last issue first: that PCRA counsel was ineffective for failing to serve him with a copy of the **_Finley_** letter and counsel's Petition to Withdraw, and that the PCRA court committed reversible error by failing to serve him with the dismissal order. Brown's Br. at 25.

Brown claims that counsel failed to send him the **_Finley_** letter and counsel's Petition to Withdraw. Brown waived these claims by failing to raise them in response to the Rule 907 notice. **_See Commonwealth v. Pitts_**, 981 A.2d 875, 880 n.4 (Pa. 2009). Further, even if Brown had not waived these claims, we would conclude that they lacked merit.

The certified record contains a letter, dated January 7, 2017, that PCRA counsel sent to Brown. The letter informs Brown that counsel could not find any non-frivolous issues to raise on appeal. The letter included a copy of the *Finley* letter and gave Brown advice on how to proceed if the court issued Rule 907 notice:

> Enclosed please find a *Finley* Letter that I have drafted in your case. I simply cannot find any issue of arguable merit to be raised. The *Finley* Letter is self-explanatory. After receiving the 907, you could write to the Court and explain why you believe that you were correct and I am incorrect. If you choose not to write to the Court after the 907, you do not give up your right to appeal. However, you could simply wait for your Petition to be dismissed and at that time you can take an appeal to the Superior Court. When you get the final dismissal you would have to file a Notice of Appeal within 30 days with the Superior Court of Pennsylvania.

PCRA Counsel Letter, 1/7/17 at 1.

As the PCRA court concluded, counsel timely forwarded the above correspondence to Brown giving appropriate notice of his determination of no merit under *Finley*. *See* PCRA Court Opinion, filed 5/26/17, at 4; *see also* *Wreck*, 931 A.2d at 721 (stating a copy of Finley letter must be sent to defendant). Moreover, Brown does not explain how his alleged failure to receive counsel's Petition to Withdraw or *Finley* letter prejudiced him. As such, these claims are meritless.

Brown's claim that he is entitled to relief because the court did not send notice of the order dismissing his PCRA petition is likewise meritless. Notice must be given to a defendant when the PCRA court denies a PCRA petition without a hearing. *See* Pa.R.Crim.P. 114. Here, both the trial court docket and

the order itself are silent as to whether the court sent notice of the dismissal order to Brown. Despite claiming he did not receive the dismissal order, Brown nonetheless filed a timely notice of appeal. As such, even if the court did not properly serve him, he suffered no prejudice. **See Commonwealth v. Bond**, 630 A.2d 1281, 1283 (Pa.Super. 1993) (stating that even if court had failed to serve dismissal order on defendant, defendant suffered no prejudice where defendant was able to file timely appeal).

We now address Brown's claim that the PCRA court erred in denying him relief for his claim of after-discovered evidence. When we review an order denying PCRA relief, we ask "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014). A petitioner may seek post-conviction relief for a claim of after-discovered evidence by pleading and proving by a preponderance of the evidence that: (1) the petitioner acquired the evidence after trial and could not have obtained it through reasonable diligence at or prior to trial; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. **Commonwealth v. Foreman**, 55 A.3d 532, 537 (Pa.Super. 2012). If the petitioner fails to establish any of these elements, the after-discovered evidence claim fails and we need not analyze the remaining elements. **Commonwealth v. Pagan**, 950 A.2d 270, 292-93 (Pa. 2008).

Brown contends that the PCRA court erred in concluding that the Wage Summary that he received on June 15, 2015, was not after-discovered evidence. Brown's Br. at 11. Brown admits that some of the information in the Wage Summary is included in the pay stubs and time cards that he presented at trial. *Id.* at 12. Brown also admits that had trial counsel conducted a reasonably thorough pre-trial investigation, counsel would have discovered the Wage Summary at the time - *i.e.*, before trial. *Id.* at 13.

Brown's PCRA petition failed to set forth a claim for relief for after-discovered evidence because he concedes that reasonable diligence would have revealed the Wage Summary prior to trial. Thus, the PCRA court properly dismissed this claim. Additionally, because the PCRA petition failed to state a claim, the PCRA court did not err in denying the petition without holding an evidentiary hearing. *See Commonwealth v. Williams*, 153 A.3d 372, 378-79 (Pa.Super. 2016) (holding that appellant's alleged after-discovered evidence was cumulative and therefore he was not entitled to evidentiary hearing).

Brown next contends that PCRA counsel was ineffective for failing to pursue his after-discovered evidence claim, instead of filing a *Finley* letter. Brown waived his claim of ineffective assistance of PCRA counsel because he did does not raise the claim in the PCRA court in response to a Rule 907 notice. *See Commonwealth v. Smith*, 121 A.3d 1049, 1056 (Pa.Super. 2015) (holding that defendant waived his right to raise claims of ineffective

- 8 -

assistance of PCRA counsel by not responding to Rule 907 notice). Even if this claimed had not be waived, the claim is meritless.

"To prove counsel's ineffectiveness, appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused him prejudice." *Commonwealth v. Williams*, 899 A.2d 1060, 1063 (Pa. 2006). Failing to prove any of the above prongs will "defeat an ineffectiveness claim." *Id.* Here, Brown's claim fails because his underlying claim of after-discovered evidence lacks merit. *See Commonwealth v. Jones*, 811 A.2d 994, 1005 (Pa. 2002) (stating that counsel cannot be ineffective for failing to raise a meritless claim).

Last, we address Brown's claim that the PCRA court erred in failing to correct his sentence, which was illegal under *Alleyne*. Brown's Br. at 21. Even though Brown raised the issue in his *pro se* PCRA petition, neither the PCRA court nor Brown's counsel addressed it. However, we may raise the issue *sua sponte*, as the issue relates to the legality of Brown's sentence. *See Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa.Super. 2014) (concluding court may raise challenges to an illegal sentence *sua sponte*). Our scope of review is plenary and our standard of review is *de novo* for a claim alleging illegal sentencing. *Commonwealth v. Jackson*, 30 A.3d 516, 518 (Pa.Super. 2011).

Although ***Alleyne*** does not apply retroactively to cases on collateral review,[6] a petitioner may claim relief for an illegal sentence under ***Alleyne*** in a timely PCRA petition so long as the judgment of sentence was not final when ***Alleyne*** was decided. ***Commonwealth v. DiMatteo***, 177 A.3d 182, 191 (Pa. 2018).

The Commonwealth concedes that ***Alleyne*** applies here and requires vacating Brown's sentence and remanding for resentencing. Commonwealth's Br. at 11-12. We agree. Brown's judgment of sentence became final on October 13, 2015,[7] after ***Alleyne*** was decided, and he therefore may claim relief. Since Brown was sentenced to a mandatory minimum sentence for the charges of robbery and aggravated assault pursuant to 42 Pa.C.S.A. § 9712, we vacate the judgment of sentence and remand for resentencing. ***See Valentine***, 101 A.3d at 812; ***see also Commonwealth v. Cole***, 135 A.3d 191, 196 (Pa.Super. 2016) (remanding for resentencing where appellant was sentenced to mandatory minimum pursuant to Section 9712).

---

[6] ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016).

[7] ***See Commonwealth v. Fariror***, 809 A.2d 396, 398 (Pa.Super. 2002) (holding that one year period to file PCRA petition began to run 90 days after Pennsylvania Supreme Court denied petition for allowance of appeal following reinstatement of appellate rights *nunc pro tunc*, where petitioner failed to seek review of conviction by United States Supreme Court).

Order reversed in part, affirmed in part. Judgment of sentence vacated. Case remanded for resentencing. Counsel is to be appointed to Brown for purposes of the new sentencing hearing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/18