J-S09005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUYDEEM HAWKINS | : | |
| | : | |
| Appellant | : | No. 1177 EDA 2020 |

Appeal from the PCRA Order Entered March 2, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002404-2014

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 20, 2022**

Quydeem Hawkins appeals, *pro se*, from the trial court's order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we reverse and remand.

In 2015, Hawkins was convicted, by a jury, of first-degree murder and related offenses and sentenced to a mandatory term of life in prison without the possibility of parole.  Hawkins filed a direct appeal alleging insufficiency of the evidence to sustain his convictions and trial court error in denying his motion for a mistrial.  Our Court affirmed Hawkins' judgment of sentence. *See Commonwealth v. Hawkins*, No. 538 EDA 2015 (Pa. Super. filed March 15, 2016) (unpublished memorandum decision).    Hawkins filed an

_____

[*] Former Justice specially assigned to the Superior Court.

unsuccessful petition for allowance of appeal with the Pennsylvania Supreme Court. *Id.*, No. 135 EAL 2016 (Pa. filed July 19, 2016) (per curiam order).

On July 14, 2017, Hawkins filed the instant *pro se* PCRA petition and accompanying *pro se* memorandum of law. Michael I. McDermott, Esquire, was appointed as PCRA counsel. On January 8, 2020, Attorney McDermott filed an application to withdraw, that included a **Turner**/**Finley**[1] "no-merit"[2] letter sent to Hawkins, after concluding that Hawkins' PCRA petition had no merit. On January 9, 2020, the PCRA court gave Pa.R.Crim.P. 907 notice of its intent to dismiss Hawkins' petition without a hearing. The notice stated, in part: "(1) Your attorney has determined that the issues raised in your *pro se* petition are without merit. **See** counsel's letter pursuant to **Commonwealth v. Finley**, [] 550 A.2d 213 ([Pa. Super.] 1988). (2) The [c]ourt, after an independent review of the record, accepts the **Finley** letter and finds that the . . . issues raised in your PCRA petition are without merit [and] . . . have been previously litigated." Rule 907 Notice, 1/9/20. A second Rule 907 dismissal

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[2] This Court has clearly set forth the procedural prerequisites that counsel must meet before being permitted to withdraw from representation on collateral appeal. Counsel must file a **Turner**/**Finley** no-merit letter, and that letter must detail counsel's diligent review of the case, list the issue the appellant wishes to be reviewed, explain why that issue lacks merit, and request permission to withdraw. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007). In addition, counsel must send the appellant a copy of the no-merit letter, a copy of the application to withdraw, as well as a statement advising the appellant of his right to proceed with new counsel or *pro se*. **See id.**

notice, with identical language, was issued by the court on January 31, 2020. Neither Rule 907 notice explicitly grants counsel's petition to withdraw.

The court ultimately dismissed Hawkins' PCRA petition on March 2, 2020, advising Hawkins that he "may proceed *pro se* or with retained counsel [and that] no new counsel will be appointed."  Order, 3/2/20.  Again, the dismissal order does not explicitly grant counsel's petition to withdraw.  The dismissal order was sent to both Hawkins and Attorney McDermott, who was listed on the proof of service attached to the order as "Appellate Attorney." Proof of Service, 3/2/20.

Hawkins filed a *pro se* notice of appeal hand-dated March 15, 2020, sent in an envelope postmarked March of 2020, and received by the trial court's Office of Judicial Records/Appeals/Post Trial Unit on May 18, 2020.[3]  On May 26, 2020, the trial court issued an order for Hawkins to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 21 days of the filing of the order.  Attached as "Exhibit A" to his appellate brief is Hawkins' *pro se* "Statement of Matters Complain[ed] of Pursuant to Rule of Appell[ate]

---

[3] Although Hawkins' notice of appeal was technically due to be filed by April 2, 2020, our Supreme Court entered a judicial emergency order in response to the COVID-19 pandemic stating that "[i]n all events, legal papers or pleadings . . .  which are required to be filed between March 19, 2020, and May 8, 2020, generally SHALL BE DEEMED to have been timely filed if they are filed by May 11, 2020."  **See In Re:  General Statewide Judicial Emergency**, Nos. 531 and 532 Judicial Administrative Docket, at 5, Section III.  Court Filings and Time Limitations and Deadlines (Pa. filed April 28,2 020).  Here, where Hawkins was an inmate at the time he filed his notice of appeal, and where the envelope attached to his notice of appeal is postmarked March of 2020, we find that it was timely filed pursuant to the prisoner mailbox rule.  **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997).

Procedure 1925(b)," which states: "That the Defendant is entitled to a remand as the[re are] mer[]ited claims to support ineffective counsel, due process [] violations for his first PCRA appeal[,] where he re[c]eived a *Finley* letter without explanation." *See* Appellant's Brief, Exhibit A (Rule 1925(b) Statement), hand-dated 5/28/20 (italics and bold added). However, there is nothing on the trial court docket indicating that a Rule 1925(b) statement was ever filed. In fact, on August 11, 2020, the trial court issued its Rule 1925(a) opinion, noting therein that it had not yet received Hawkins' court-ordered Rule 1925(b) statement and, thus, found Hawkins waived any issues on appeal. Trial Court Opinion, 8/11/20, at 5-6, citing *Commonwealth v. Castillo*, 888 A.23d 775 (Pa. 2005).

On September 21, 2020, Attorney McDermott filed, in this Court, an application for extension of time within which to file Hawkins' appellate brief and reproduced records, where counsel "has finished researching the law and is currently preparing the brief and reproduced record." *See* Appellant['s] Application for an Extension of Time to File Brief and Reproduced Records, 9/21/20, at 1. The application further states that "Michael I. McDermott, Esquire, [is] counsel for petitioner, Quydeem Hawkins[.]" *Id.* at 2. In response to the application, our Court granted Attorney McDermott an extension until November 20, 2020, to file an appellate brief. Order, 9/21/20. The extension order was served, via PACFile on Attorney McDermott and Philadelphia Assistant District Attorney, Lawrence Jonathan Goode, Esquire,

- 4 -

Service List, Docket No. 1177 EDA 2020, 9/21/20. It was not served on Hawkins.

On December 16, 2020, our Court entered an order remanding the case to the PCRA court for 30 days for a determination as to whether counsel had abandoned Hawkins on appeal where counsel failed to file a brief on Hawkins' behalf. Per Curiam Order, 12/16/20. In response to our remand order, on February 9, 2021, the trial court entered a "Response" as well as a "*nunc pro tunc* order" permitting "Michael I. McDermott to withdraw as counsel for the defendant, effective March 2, **2020**." *Nunc Pro Tunc* Order, 2/9/21 (emphasis added). In its response, the trial court stated the following:

> []Pursuant to the Order of the Superior Court of Pennsylvania, the trial court submits the following findings.
>
> []On November 15, 2013[,] the defendant was arrested and charged with murder and related offenses. Following a preliminary hearing on March 4, 2014, [Hawkins] was held for court on all charges. A jury trial was held from February 9th through February 13, 2015, after which Mr. Hawkins was convicted of first-degree murder and related charges and sentenced to life without parole. A timely appeal was taken to the Superior Court[, which] affirmed the judgment of sentence on March 15, 2016. Allocatur was requested but denied on July 19, 2016.
>
> []Hawkins filed his PCRA petition on July 17, 2017[,] and counsel [was] appointed. On January 8, 2020[,] counsel filed a **Finley** letter with a request to withdraw as counsel. After an independent review, the court sent [Hawkins] and all counsel a notice of intent to dismiss pursuant to [R]ule 907. No objection being filed, the matter was dismissed by the court on March 2, 2020. The order read:
>
> > AND NOW, this 2nd day of March 2020, pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. [9541,] *et seq*.[,] it is hereby ORDERED and DECREED that following an

independent review of the matter, the Petitioner's petition for post-conviction relief is dismissed. The Petitioner has thirty (30) days from the date of this Order in which to file an appeal to the Superior Court of Pennsylvania if desired. Petitioner may proceed *pro se* or with retained counsel, no new counsel is to be appointed. If Petitioner is *in forma pauperis*, that status is to continue.

**The undersigned believed, as did counsel and obviously** [**Hawkins**], **that the order clearly permitted the court-appointed lawyer to withdraw.** Indeed, [Hawkins] filed a *pro se* appeal to the Superior Court on May 18, 2020. PCRA Counsel never entered his appearance. On May 26[, 2020,] an order pursuant to [Rule] 1925(b) was served upon [Hawkins] - not counsel. On August 11, 2020, the PCRA court's opinion was served upon [Hawkins], again, not upon counsel. **This court finds that counsel did not abandon [Hawkins], that the order allowing [Hawkins] to proceed *pro se* or by retaining his own counsel, inferentially at the very least, provided that counsel was allowed to withdraw. It is apparent that the defendant understood this as well, filing his own notice of appeal.** In an overabundance of caution, the undersigned is simultaneously entering an order allowing counsel to withdraw.

[]Accordingly, the judgment of sentence of this court should be affirmed.

Response, 2/9/21, at 1-2 (emphasis added).

On February 24, 2021, Hawkins filed a "Motion to Appoint Counsel" in this Court, stating that:

1. [] A ***Grazier*** [hearing] must be conducted to ascertain whether [Hawkins] understands: (1) his right to be represented by counsel; (2) that if he waived his right, he still be bound by all normal procedural rules; and (3) that many rights and potential claims may be permanently lost if not timely asserted. ***Com***[***monwealth***] ***v. Grazier***, 713 A.2d 81 [(Pa. 1998)].

2. ***Com***[***monwealth***] ***v. Robinson***, 970 A.2d 455 [(Pa. 2009)]. It [i]s well[-]settled that a PCRA petitioner has a right to representation of counsel for purposes of litigati[ng] first PCRA petition through the entire appellate process.

3. [Hawkins] is not rehersed [sic] in law, his education in reading comprehension is below the average reading standards, making [Hawkins] incompetent. It is in the matter of justice to appoint counsel to ensure [Hawkins'] constitutional rights are not waived under United States 6th, 14th [C]onstitutional [A]mendments [and] Pennsylvania Article I, Section 9.

4. [Hawkins has been] declared *in[]forma pauperis* by this court.

Motion to Appoint Counsel, 2/24/21 at 1-2.

On March 26, 2021, our Court, in a *per curiam* order, denied Hawkins' motion, citing **Commonwealth v. Peterson**, 756 A.2d 687 (Pa. Super. 2000) and **Commonwealth v. Maple**, 559 A.3d 953 (Pa. Super. 1989), to support its decision. **Peterson** and **Maple** stand for the proposition that, while a PCRA petitioner is entitled to counsel in his or her first collateral appeal, if counsel is properly permitted to withdraw, then the appointment of counsel post-withdrawal is unnecessary and improper.

On April 5, 2021, Hawkins filed a *pro se* "Motion for Discovery," stating that "to successfully appeal [he] must obtain all documents of evidentiary value . . . pertaining to this case for further evaluation to determine whether other issues previously missed by prior counsel and prior court [sic] exists." Motion for Discovery, 4/5/21. In response, our Court remanded the case to the PCRA court for 60 days, directing the court to provide Hawkins with copies of any requested transcripts and documents that it deems necessary and relevant for appeal purposes. Per Curiam Order, 4/26/21.

On May 17, 2021, Hawkins filed a *pro se* "*Nunc Pro Tunc* Application for Relief" claiming, among other things, that he was "unable to adequately prepare a proper rebuttal against a 20[-]day response due to not having any

legal documentation in his possession." *Nunc Pro Tunc* Application for Relief, 5/17/21. Our Court deferred the issue to the merits panel. On June 22, 2021, the trial judge reported that "all transcripts and discovery w[ere] provided [to Hawkins] . . . for a complete and judicious assessment of the issues raised on appeal[.] " Report, 4/26/21.

In his appellate brief, Hawkins presents the following issues for our consideration:

(1) Did [Hawkins'] counsel err in submitting a [*F*]*inley* letter and seeking to withdraw as counsel?

(2) Did the lower court judge[, the Honorable Joseph Scott] O'Keefe err in [g]ranting counsel['s] *Finley* [letter] and dismissing [Hawkins'] PCRA [petition]?

Appellant's *Pro Se* Brief, at 3 (italics and bold added).

Several procedural issues concern us with this case. First, it is clear that "[o]nce counsel has entered an appearance on a defendant's behalf[,] he is obligated to continue representation until the case is concluded or **he is granted leave by the court to withdraw his appearance**." ***Commonwealth v. Willis***, 29 A.3d 393, 397 (Pa. Super. 2011) (emphasis added). ***See*** Pa.R.Crim.P. 120(A)(4) ("An attorney who has been retained or appointed by the court shall continue such representation through direct appeal or until granted leave to withdraw by the court."). Here, Attorney McDermott petitioned to withdraw on January 8, 2020; however, the trial court did not enter an order explicitly granting withdrawal until February 9,

**2021**, making it retroactively effective as of March 2, 202**0**. Critically, the court dismissed Hawkins' PCRA petition on that same date, March 2, 2020.

The record reveals that Attorney McDermott sent Hawkins a copy of the no-merit letter, a copy of counsel's application to withdraw, as well as a statement advising Hawkins of his right to proceed with new counsel or *pro se*. Moreover, the PCRA court's two Rule 907 notices specifically stated that: Hawkins had 20 calendar days to respond to the dismissal notice, the court had independently reviewed the record, and the court had accepted counsel's *Finley* letter and found that the issues in Hawkins' PCRA petition were without merit or had been previously litigated. *See Commonwealth v. Bond*, 630 A.2d 1281, 1282 (Pa. Super. 1993) (where defendant was "well aware" of deficiencies in his PCRA claims and of counsel's intent to withdraw, additional notification of court's intent to dismiss his petition without hearing unnecessary). Finally, in its dismissal order, which was entered more than 20 days after the court's Rule 907 notice, the court also advised Hawkins that he had the right to proceed *pro se* or with retained counsel and that no new counsel would be appointed for him. *Id.* (even if court failed to strictly comply with Pa.R.Crim.P. 1507 (now Rule 907) defendant suffered no prejudice by failure where defendant aware of PCRA counsel's intent to withdraw, advised of appellate rights, and knew of opportunity to pursue appeal *pro se* or with privately-retained counsel).

However, despite these facts, we are compelled to reverse and remand. Instantly, the PCRA court never entered an order explicitly granting counsel's

withdrawal until 13 months *after* it issued its first Rule 907 notice and 11 months *after* Hawkins' notice of appeal was due. **See** Pa.R.Crim.P. 120(A)(4). To add to the confusion in this case, PCRA counsel represented that he was still "petitioner's counsel" *after* the trial court issued its Rule 1925(a) opinion and our Court set an appellate briefing schedule. Furthermore, the PCRA court concluded Hawkins waived all issues on appeal for failure to file a timely Rule 1925(b) statement. Finally, and most notably, Hawkins did not gain access to all relevant documents and pleadings in the case for purposes of filing a Rule 907 response or a Rule 1925(b) statement until June of 2021—more than 15 months after he filed his notice of appeal.[4]

Based upon these facts, we conclude that, in the aggregate, the errors in the case amount to reversible error. We cannot definitively state that Hawkins knew whether Attorney McDermott had been permitted to withdraw and what the proper procedure was for him to respond to the Rule 907 notice and preserve his issues on appeal where the court and counsel gave him mixed messages throughout the collateral appeal process. While the PCRA court acted as though it had granted counsel's withdrawal prior to dismissing Hawkins' petition—by sending Hawkins both the Rule 907 notice and PCRA dismissal notice—it had not explicitly done so. Where no order granting counsel's withdrawal was entered on the record until after the notice of appeal

---

[4] We find it telling that our Court found it necessary to remand this case twice, once to determine whether counsel had abandoned Hawkins on appeal and a second time to provide Hawkins with copies of any requested transcripts and documents deemed necessary and relevant for appeal purposes.

was filed, Hawkins was still represented until ordered otherwise.[5]   ***See***
Pa.R.Crim.P. 120(A)(4).   Thus, subsequent orders, including the order
mandating the filing of a Rule 1925(b) statement, should have been sent to
counsel.  ***Id.***at 120(B)(1) ("Counsel for defendant may not withdraw his . . .
appearance except by leave of court.").  In light of the foregoing, we conclude
it would be unjust to find Hawkins' issues on appeal waived for failing to file a
timely Rule 1925(b) statement.   ***Commonwealth v. Leatherby***, 116 A.3d
73 (Pa. Super. 2015) (where breakdown in court processes interferes with
post-trial proceedings, justice requires we do not penalize appellant for
circumstances beyond his or her control).   In reaching this conclusion we
emphasize, again, that Hawkins did not receive any transcripts or
documentation that would have allowed him to proceed *pro se* until 13
**months after** the time to file a Rule 907 response, or a Rule 1925(b)
statement, and the trial court had already determined his claims to be waived
on appeal.   Accordingly, we reverse.

Order reversed.  Case remanded for preparation of Rule 907 response.
Jurisdiction relinquished.[6]

---

[5] We remind the PCRA court that best practices requires the court to explicitly grant counsel's request to withdraw, rather than waste Court resources requiring that we "infer" the court's intention.

[6] We, herein, grant Hawkins' May 17, 2021 application for relief by reversing the order granting PCRA relief and remanding the matter where Hawkins now has access to all necessary transcripts and documentation to adequately prepare a Rule 907 response.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2022